**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

**Chapter 13**
**Case No. 09-44760**
**Adversary Proceeding No. 09-04190**

| |
|---|
| **In re:** |
| **Carmen Bailey** |
| **Debtor** |
| |
| **Carmen Bailey**<br>**Plaintiff** |
| **vs.** |
| **Wells Fargo Bank, NA**<br>        **Defendant.** |

## ANSWER OF DEFENDANT, WELLS FARGO BANK, NA TO PLAINTIFFS' VERIFIED COMPLAINT

Now comes the Defendant, Wells Fargo Bank, NA (hereinafter "Wells Fargo"), and hereby answers the Verified Complaint ("Complaint") of the Plaintiff, Carmen Bailey ("Plaintiffs").

### PARTIES

1. Admitted upon information and belief.

2. Admitted upon information and belief.

### JURISDICTION AND VENUE

3. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

## FACTS COMMON TO ALL COUNTS

6. Admitted upon information and belief.

7. Admitted upon information and belief.

8. Admitted upon information and belief.

9. Admitted upon information and belief..

10. Admitted upon information and belief.

11. Admitted upon information and belief.

12. Admitted upon information and belief.

13. Denied.

14. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Denied.

21. Denied.

22. Denied.

23. Admitted upon information and belief.

24. Denied.

25. Paragraph 25 is a statement of law to which no response is required.

26. Paragraph 26 is a statement of law to which no response is required.

27. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Admitted upon information and belief.

34. Denied.

35. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

## COUNT I
### Action for Declaratory Judgment under 28 U.S.C. §2201

36. Wells Fargo restates and repeats its answers to paragraphs 1-35 of the Plaintiff's Complaint as if set forth fully herein.

37. Denied.

## COUNT II
### Breach of Implied Covenant of Good Faith and Fair Dealing

38. Wells Fargo restates and repeats its answers to paragraphs 1-37 of the Plaintiff's Complaint as if set forth fully herein.

39. Denied.

40. Denied.

## COUNT III
### Action for Infliction of Emotional Distress

41. Wells Fargo restates and repeats its answers to paragraphs 1-40 of the Plaintiff's Complaint as if set forth fully herein.

42. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43. without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44. Denied.

## COUNT IV
### Action for Unjust Enrichment

45. Wells Fargo restates and repeats its answers to paragraphs 1-44 of the Plaintiff's Complaint as if set forth fully herein.

46. Denied.

47. Denied.

## COUNT V
### Action Under Mass G.L.c. 93A

48. Wells Fargo restates and repeats its answers to paragraphs 1-47 of the Plaintiff's Complaint as if set forth fully herein.

49. Admitted upon information and belief.

50. Wells Fargo restates and repeats its answers to paragraphs 1-44 of the Plaintiff's Complaint as if set forth fully herein.

51. Denied.

52. Wells Fargo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint.

53. Denied.

### **AFFIRMATIVE DEFENSES**

#### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

This court lacks subject matter jurisdiction over this action.

#### THIRD AFFIRMATIVE DEFENSE

The Complaint must be dismissed for insufficiency of process.

#### FOURTH AFFIRMATIVE DEFENSE

The Complaint must be dismissed for insufficiency of service of process.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' delay in commencing suit is inexcusable and has resulted in prejudice to OWB so substantial that the doctrine of laches bars its claims.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of *res judicata*.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of *collateral estoppel*.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

### TENTH AFFIRMATIVE DEFENSE

If Plaintiffs has settled or should hereafter settle for any of its alleged damages with any parties, then Harmon is entitled to a credit in the amount of said settlement.

### ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered any damages, which are denied, then those damages was caused by a person or persons for whose actions Wells Fargo cannot be held liable.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to a failure of consideration.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of frauds.

## FOURTEENTH AFFIRMATIVE DEFENSE

Wells Fargo adopts such other defenses raised by any other defendant as may be applicable.

## FIFTEENTH AFFIRMATIVE DEFENSE

Wells Fargo reserves the right to amend this filing to assert any and all applicable affirmative defenses which discovery may reveal appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, the Defendant, Wells Fargo Bank, NA prays that this Court:

1. Deny Plaintiffs' request for Preliminary Injunction;

2. Deny Plaintiffs' request to be awarded any monies;

3. Dismiss this action with prejudice; and

4. Grant such further relief as this Honorable Court deems just and proper

    Respectfully submitted,
    **WELLS FARGO BANK, NA**
    By its attorney,

    /s/Christine A. Murphy
    Christine A. Murphy
    BBO # 643334
    HARMON LAW OFFICES, P.C.
    P.O. Box 610389
    Newton Highlands, MA  02461-0389
    (617) 558-0500

DATED: December 30, 2009

# **CERTIFICATE OF SERVICE**

  I, Christine A. Murphy, state that on December 30, 2009, I electronically filed Defendant Wells Fargo Bank, NA's Answer to Plaintiffs Verified Complaint and Certificate of Service using the CM/ECF System. I served the foregoing documents on the following CM/ECF participants:

Michael J. Tremblay, Esq.

              /s/ Christine A. Murphy_____
              Christine A. Murphy, Esquire

December 30, 2009