UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

Chapter 13
Case No. 09-44760
Adversary Proceeding No. 09-04190

In re:

Carmen Bailey

Debtor

Carmen Bailey
Plaintiff

vs.

Wells Fargo Bank, NA
Defendant.

## DEFENDANT, WELLS FARGO BANK, NA'S MEMORANDUM OF SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Now comes the Defendant, Wells Fargo Bank, N.A(hereinafter "Wells")

and moves that this Honorable Court dismiss the Complaint pursuant to Mass R. Civ. P.

Rule 12(b)(6) as Plaintiff fails to state a claim against Wells for which relief can be

granted.  Wherefore, Wells requests that the Complaint be dismissed as against Wells and

grant Wells such further relief as is appropriate and just.

As further grounds thereof the Defendants state the following:

1.  On or about February 18, 1992,  Maurice G. T. Bailey and Carmen M. Bailey

conveyed the property known as 111 Brigham Street, Unit No. 19B in Hudson

Massachusetts (hereinafter the "Property") to Carmen M. Bailey.  Said Deed is

recorded with the Middlesex County Registry of Deeds at Book 21800, Page 168. (A true and accurate copy of the Deed is attached hereto as Exhibit A).

2.   On or about February 24, 1992 Carmen M. Bailey executed a Mortgage encumbering the Property as security for a Note in the amount of $104,000.00 in favor of Shawmut Mortgage Company.   Said Mortgage is recorded with the Middlesex County Registry of Deeds at Book 21800, Page 170. (See Plaintiff's Verified Complaint Exhibit A).

3.   On or about May 30, 1996, Shawmut Mortgage merged with Fleet Mortgage Corporation.  (See Articles of Merger or Share Exchange attached as Exhibit B).

4.   On or about May 31, 1996, Fleet Mortgage Corporation successor by Merger to Shawmut Mortgage Company assigned the Note and Mortgage to Fleet Mortgage Corporation (See Assignment of Mortgage attached as Exhibit C).

5.   On or about June 1, 2002, Fleet Mortgage Corp. merged with Washington Mutual Home Loans, Inc.   (See Articles of Merger or Share Exchange attached as Exhibit D).

6.   On or about June 21, 2002, Washington Mutual Mortgage Securities Corp. formed WHMLI.  Washington Mutual Home Loans, Inc., thereafter was merged with and into the Limited Partnership.  (See Secretary's Certificate and related documents attached as Exhibit E).

7.   On or about June 28, 2002 the Massachusetts Land Court issued an Order that all assets standing in the name of Washington Mutual Home Loans, Inc. be deemed assigned to and stand in the name of Washington Mutual Bank, FA, effective as of March 1, 2002. (See Order attached as Exhibit F).

8. On or about August 17, 2006, Washington Mutual Bank, NA changed it's corporate title to Washington Mutual Bank effective April 4, 2005. (See attached Name Change Certification attached as Exhibit G).

9. On or about March 22, 2007, Washington Mutual Bank F/K/A Washington Mutual Bank, FA Successor by Merger to Washington Mutual Home Loans Inc. successor by merger to Fleet Mortgage Corp. assigned the Note and Mortgage to Wells Fargo Bank, NA. (See attached Assignment as Exhibit H).

10. On or about January 1, 2009, Plaintiff defaulted on the Note and Wells Fargo retained the legal services of Harmon Law Offices, P.C. to institute foreclosure.

11. On or about September 22, 2009, Notices of Sale were sent both first class and certified mail to the Property (See Notices and tracking information attached as Exhibit I).

12. A foreclosure sale was held at the Property on October 23, 2009. A third party purchased the Property.

13. On or about November 23, 2009, Carmen Bailey filed a Motion for a Temporary Restraining Order in the action herein seeking to enjoin the conveyance of the Property. The Motion was denied.

14. On or about January 23, 2010, Plaintiff filed a Motion to Reconsider her Motion for a Temporary Restraining Order. A Hearing was held on January 25, 2010. Judge Boroff denied the Motion.


## I.     ARGUMENT

**A. Plaintiff's Complaint should be dismissed as against Wells for failure to state a claim upon which relief can be granted pursuant to Mass R. Civ. P. Rule 12(b)(6).**

Plaintiff's Complaint should be dismissed as against Wells pursuant to Mass.R.Civ.P.

12(b)(6) for failure to state a claim.   As the attached documents reflect, Wells Fargo was

the proper party to proceed with foreclosure and as such Plaintiff fails to state a claim

upon which relief can be granted.

Granting a motion to dismiss is appropriate if "it appears beyond doubt

that the plaintiff can prove no set of facts in support of [her] claim which would entitle

[her] to relief." Roeder v. Alpha Indus., Inc., 814 F.2d 22, 25 (1st Cir. 1987), quoting

Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The purpose of Rule 12(b)(6) is to

"streamline litigation by dispensing with needless discovery and fact finding." Neitzke v.

Williams, 490 U.S.319, 326-327 (1989).

**WHEREFORE**, the Defendant, Wells moves this Honorable Court to dismiss the

complaint as against Wells and grant Wells such further relief as is appropriate and just.

Respectfully submitted,
**WELLS FARGO BANK, NA**

/s/ Christine A. Murphy
Christine A. Murphy
BBO # 643334
Harmon Law Offices, PC
P.O. Box 610389
Newton Highlands, MA  02461-0389
(617) 558-0500

Dated: February 9, 2010

B 2 1 8 0 0   P 1 6 8

*B-2*

We, Maurice G. T. Bailey and Carmen M. Bailey,

for consideration paid and in full consideration of less than
$100.00 and other valuable consideration
as per Modification Agreement filed with Middlesex District Court
dated September 13, 1991 Docket No. 84D5334D1

grant to    Carmen M. Bailey of 111 Brigham Street, Unit 19B,
Hudson, Middlesex County, Massachusetts

with Quitclaim Covenants

UNIT: 2   BUILDING:  4        PERCENTAGE INTEREST:  2.41%

UNIT AREA:  2365 square feet  DESIGNATED PARKING:  garage

UNIT POST OFFICE ADDRESS:  19B  111 Brigham Street, Hudson,
Massachusetts  01749

GRANTOR, owner of the UNIT described above in Assabet Village
(the "Condominium") created by Master Deed (the "Master Deed")
dated April 13, 1981 and recorded April 14, 1981 with the
Middlesex County South District Registry of Deeds, Book 14262,
Page 353, as amended, in accordance with the provisions of
Massachusetts General Laws Chapter 183A, grants the UNIT to
GRANTEE with QUITCLAIM COVENANTS for the consideration stated
above.

The UNIT contains the AREA listed above and is laid out as shown
on a plan recorded with the Master Deed, as amended, and to which
is affixed a verified statement in the form provided for in
Massachusetts General Laws Chapter 183a, Section 9.

The UNIT is conveyed together with the above PERCENTAGE INTEREST
(a) in the Common Areas and Facilities of the Condominium, as
described in the Master Deed, and (b) in the Assabet Village
Condominium Trust (the "Condominium Trust"), dated April 13, 1981
and recorded April 14, 1981 with said Middlesex County South
District Registry of Deeds, Book 14262, Page 391, as amended.

The UNIT is to be used only for residential purposes and for no
other purposes, except as may be expressly permitted by the
Trustees in accordance with the provisions of the Master Deed and
the Condominium Trust.  The UNIT is also subject to the
restrictions contained in the Master Deed and the Condominium
Trust.

GRANTEE acquires the UNIT subject to the Right of First Refusal.

GRANTEE acquires the UNIT with the benefit of, and subject to,
the provisions of Massachusetts General Laws Chapter 183A,
relating to condominiums, as that statue is written as of the
date hereof, the Master Deed, the Condominium trust and the By-
Laws therein contained, as any or all may presently be amended,


EXHIBIT
A

B 2 1 8 0 0   P 1 6 ?

and any rules and regulations from time to time adopted thereunder, and all matters of record stated or referred to in the Master Deed as completely as if each were fully set forth herein.

Being the same premises conveyed to us by deed of Gerald Douglas Sarno and Rose M. Sarno, Trustees of Assabet Village Realty Trust dated May 21, 1984 and recorded Middlesex South District Registry of Deeds in Book 15587, Page 47.

WITNESS my hand and seal this tenth day of February, 1992

_____
Carmen M. Bailey

WITNESS my hand and seal this 18TH day of February, 1992.

_____
Maurice G.T. Bailey

COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.                                    February 10, 1992

     Then personally appeared the above named Carmen M. Bailey and acknowledged the foregoing instrument to be her free act and deed, before me.

_____
Paul V. Giannetti, Notary Public
My commission expires: 11/13/92

COMMONWEALTH OF MASSACHUSETTS

Norfolk, ss.                                     February 27, 1992

     Then personally appeared the above named Maurice G.T. Bailey and acknowledged the foregoing instrument to be his free act and deed, before me.

_____
John Hoffman, Notary Public
*My commission expires: 2/24/95

FLEM-M2

CERTIFIED TO BE A TRUE AND CORRECT COPY
AS TAKEN FROM AND COMPARED WITH THE
ORIGINAL ON FILE IN THIS OFFICE.

OCT 03 1996

SECRETARY OF STATE OF SOUTH CAROLINA

### STATE OF SOUTH CAROLINA
### SECRETARY OF STATE

### ARTICLES OF MERGER
### OR SHARE EXCHANGE



FILED
MAY 31 1996
7 8 9 10 11 12 1 2 3 4 5 6

Pursuant to §33-11-105 of the 1976 South Carolina Code, as amended, the undersigned as the surviving corporation in a merger or the acquiring corporation in a share exchange, as the case may be, hereby submits the following information:

1.  The name of the surviving or acquiring corporation is ___Fleet Mortgage Corp.___

2.  Attached hereto and made a part hereof is a copy of the Plan or Merger or Share Exchange (see §§33-11-101 (merger) 33-11-102 (share exchange), 33-11-104 (merger of subsidiary into parent) 33-11-107 (merger or share exchange with a foreign corporation), and 33-11-108 (merger of a parent corporation into one of its subsidiaries).

3.  Complete the following information to the extent it is relevant with respect to each corporation which is a party to the transaction:

    (a) Name of the corporation ___Fleet Mortgage Corp.___
        Complete either (1) or (2), whichever is applicable:

        (1) ☐ Shareholder approval of the merger or stock exchange was not required (See §§33-11-103(h), 33-11-104(a), and 33-11-108(a)).

        (2) ☒ The Plan of Merger or Share Exchange was duly approved by shareholders of the corporation as follows:

| Voting Group | Number of Outstanding Shares | Number of Votes Entitled to be Cast | Number of Votes Represented at the meeting | Number of Undisputed* Shares Voted | |
|---|---|---|---|---|---|
| | | | | For | Against |
| Common Stock | 25,000 | 25,000 | 25,000 | 25,000 | – 0 – |

*NOTE: Pursuant to the Section 33-11-105 (a)(3)(ii), the corporation can alternatively state the total number of undisputed shares cast for the amendment by each voting group together with a statement that the number cast for the amendment by each voting group was sufficient for approval by that voting group.

Norfolk
vol 2796F

EXHIBIT
B

96-013098BC

(b) Name of the corporation: Shawmut Mortgage Company

Complete either (1) or (2), whichever is applicable:

(1) ☐ Shareholder approval of the merger or stock exchange was not required (See §§33-11-103(h), 33-11-104(a), and 33-11-108(a)).

(2) ☒ The Plan of Merger or Share Exchange was duly approved by shareholders of the corporation as follows:

| Voting Group | Number of Outstanding Shares | Number of Votes Entitled to be Cast | Number of Votes Represented the meeting | Number of Undisputed* Shares Voted | |
|---|---|---|---|---|---|
| | | | | For | Against |
| Common Stock | 1,946 | 1,946 | 1,946 | 1,946 | – 0 – |

*NOTE: Pursuant to Section 33-11-105(a)(3)ii, the corporation can alternatively state the total number of undisputed shares cast for the amendment by each voting group together with a statement that the number cast for the amendment by each voting group was sufficient for approval by that voting group.

4.    Unless a delayed date is specified, the effective date of this document shall be the date it is accepted for filing by the Secretary of State (See §§33-1-230(b)): 11:59 p.m., May 31, 1996.

DATE: May 30, 1996

Fleet Mortgage Corp.
(Name of the Surviving or Acquiring Corporation)

By: _____
(Signature and Office)

Kevin D. Race
(Type or Print Name and Office)
Executive Vice President and
Chief Financial Officer

## FILING INSTRUCTIONS

1. Two copies of this form, the original and either a duplicate original or a conformed copy, must be filed.

2. Filing Fee (payable to the Secretary of State at the time of filing of this document.)

      Filing Fee                    $ 10.00
      Filing Tax                     100.00

3. TWO COPIES OF THE PLAN OF MERGER OR SHARE EXCHANGE MUST BE FILED WITH THIS FORM AS AN ATTACHMENT.

Form Approved by South Carolina
Secretary of State 1/89

MAY-31-96 FRI 11:15      Edwards & Angell      FAX NO. 16174394170      P.02

Agreement and Plan of Merger
of
Shawmut Mortgage Company
with and into
Fleet Mortgage Corp.

This AGREEMENT AND PLAN OF MERGER entered into as of the 30th day of May, 1996, by and between Fleet Mortgage Corp. (hereinafter the "Surviving Corporation"), a South Carolina corporation having its principal office at 1333 Main Street, Suite 700, Columbia, South Carolina 29201, and Shawmut Mortgage Company (hereinafter the "Merged Corporation"), a Connecticut corporation having its principal place of business at 433 South Main Street, West Hartford, Connecticut 06110.

WITNESSETH:

WHEREAS, the Surviving Corporation is a stock corporation duly organized and existing pursuant to the general laws of the State of South Carolina;

WHEREAS, the Surviving Corporation has an authorized capital stock consisting of 25,000 shares of Common Stock, $100.00 par value per share, of which 25,000 shares have been duly issued and are now outstanding;

WHEREAS, the Merged Corporation is a stock corporation duly organized and existing pursuant to the general laws of the State of Connecticut; and

WHEREAS, the Merged Corporation has an authorized capital stock consisting of 3,000 shares of Common Stock, $1.00 par value per share, of which 1,946 shares have been duly issued and are now outstanding;

WHEREAS, the Surviving Corporation and the Merged Corporation seek to merge pursuant to Section 33-11-107 of the South Carolina Business Corporation Act of 1988 and Section 33-371 of the Connecticut General Statutes, as amended.

NOW, THEREFORE, in consideration of the premises and of the mutual agreements, covenants and conditions contained herein, the Merged Corporation and the Surviving Corporation agree that the Merged Corporation shall merge with and into the Surviving Corporation, with the Surviving Corporation as the surviving corporation, in accordance with the following Plan of Merger:

### Article I
### Names of Constituent Companies

The name of the Merged Corporation is Shawmut Mortgage Company, a Connecticut corporation incorporated on October 3, 1984.

The Surviving Corporation which will be the surviving corporation in the merger and into which the Merged Corporation will be merged, is Fleet Mortgage Corp., a South Carolina corporation incorporated on June 26, 1972. The Surviving Corporation shall continue its corporate existence under the name "Fleet Mortgage Corp." and shall be governed by the laws of the State of South Carolina.

### Article II
### Purpose and Principal Place of Business

The business of the Surviving Corporation shall be to engage in mortgage lending, mortgage banking and to engage in and carry on any lawful act or activities for which corporations may be organized under the South Carolina Business Corporation Act of 1988. This business shall be conducted by the Surviving Corporation at its principal place of business, which shall be located at 1333 Main Street, Suite 700, Columbia, South Carolina 29201, and at its other legally established locations.

### Article III
### Effective Date and Time of the ⸙

The merger shall become effective at 11:59 p.m. on May 31, 1996 (hereinafter the "Effective Time").

### Article IV
### Effect of the Merger

Section 1.  At the Effective Time, all of the rights, privileges, powers, franchises, properties and assets of the Merged Corporation shall pass to and be vested in the Surviving Corporation without any conveyance or other transfer, and all debts, liabilities, obligations, restrictions, disabilities and duties of every kind and description of the Merged Corporation shall become the debts, liabilities, obligations, restrictions, disabilities and duties of the Surviving Corporation, and the separate existence of the Merged Corporation shall thereupon cease.

Section 2.  At the Effective Time, each share of common stock of the Merged Corporation issued and outstanding immediately prior to the Effective Time shall, by virtue of the merger and the consideration described herein and without any action on the part of the holder thereof, be canceled.

- 2 -

BOS 32959v1

Article V
Merger Consideration

The Surviving Corporation shall pay to Fleet National Bank, the sole shareholder of the Merged Corporation $50 million representing the fair value of the assets of the Merged Corporation.

Article VI
Miscellaneous Provisions

Section 1. This Agreement and Plan of Merger shall be approved by (a) the affirmative vote of a majority of the directors of each of the Surviving Corporation and the Merged Corporation, or by written consent in lieu thereof, and then (b) the affirmative vote of the sole shareholder of each of the Surviving Corporation and the Merged Corporation, or by written consent in lieu thereof.

Section 2. The Articles of Incorporation of the Surviving Corporation at the Effective Time and date shall be the Articles of Incorporation of the Surviving Corporation and said Articles of Incorporation shall continue in full force and effect until amended and changed in the manner prescribed by the provisions of the South Carolina Business Corporation Act of 1988.

Section 3. The present by-laws of the Surviving Corporation will be the by-laws of said Surviving Corporation and will continue in full force and effect until amended as therein provided and in the manner prescribed by the provisions of the South Carolina Business Corporation Act of 1988.

Section 4. The merger of the Merged Corporation with and into the Surviving Corporation shall be authorized in the manner prescribed by the laws of the jurisdiction of organization of the non-surviving corporation, and the Plan of Merger herein made and approved shall be submitted to the shareholders of the surviving corporation for their approval or rejection in the manner prescribed by the provisions of the South Carolina Business Corporation Act of 1988.

Section 5. In the event that the merger of the Merged corporation with and into the Surviving Corporation shall have been duly authorized in compliance with the laws of the jurisdiction of organization of the non-surviving corporation, and in the event that the plan of Merger shall have been approved by the shareholders entitled to vote of the Surviving Corporation in the manner prescribed by the provisions of South Carolina Business Corporation Act of 1988, the Merged Corporation and the Surviving Corporation hereby stipulate that they will cause to be executed and filed and/or recorded any document or documents prescribed by the laws of the State of Connecticut and the State of South Carolina, and that they will cause to be performed all necessary acts therein and elsewhere to effectuate the merger.

BOS-32959v1

MAY-31-96 FRI 11:16        Edwards & Angell        FAX NO. 16174394170        P. 05

Section 6.  The Board of Directors and the proper officers of the Merged Corporation and of the Surviving Corporation, respectively, are hereby authorized, empowered, and directed to do any and all acts and things, and to make, execute, deliver, file, and/or record any and all instruments, papers, and documents which shall be or become necessary, proper, or convenient to carry out or put into effect any of the provisions of this Plan of Merger or of the merger herein provided for.

Section 7.  The Surviving Corporation shall be governed by the laws of the State of South Carolina.

Section 8.  The statutory agent for service of process of the Surviving Corporation in Connecticut shall be CT Corporation System, One Commercial Plaza, Hartford, Connecticut 06103.  The Secretary of State of Connecticut is irrevocably appointed agent for service of process on behalf of the Merged Corporation.

NEXT PAGE IS SIGNATURE PAGE

- 4 -

BOS-32959v1

IN WITNESS WHEREOF, the signatures and seals of the Surviving Corporation and the Merged Corporation as of the 30th day of May, 1996, have been set, each by its President or Vice President and its Assistant Secretary or Secretary, and attested to by an appropriate officer (if applicable), pursuant to a resolution of its Board of Directors, acting by a majority.

Attest:

FLEET MORTGAGE CORP.,
a South Carolina corporation

By _____
   Name:  Jordan D. Dorchuck
   Title:  Vice President and
           Assistant Secretary

_____
Name:  Randal D. Shields
Title:   Vice President and
         Assistant Secretary

By _____
   Name:  Elizabeth A. Cignilliat
   Title:   Assistant Vice President and
            Assistant Secretary

(Seal )

STATE OF __SOUTH CAROLINA_____ )
                                     ) ss:
COUNTY OF __RICHLAND_____ )

On this __30th__ day of May, 1996, before me, a notary public for this state and country, personally came __Jordan D. Dorchuck__, as __Vice President and Assistant Secretary, Elizabeth A. Cignilliat__ as __Assistant Vice President and Assistant Secretary__ and __Randal D. Shields__, as __Vice President of Fleet Assistant Secretary__ Mortgage Corp., and each in his capacity acknowledged this instrument to be the act and deed of Fleet Mortgage Corp., that the statements therein are true and correct and that the seal affixed to it is its seal.

WITNESS my official seal and signature this day and year.

(Seal of Notary)

_____
Notary Public
My commission expires __December 8, 2005__

BOS-J2959v1

SHAWMUT MORTGAGE COMPANY,
a Connecticut corporation

By _____
    Name: Anthony B. Cardoza
    Title:  Executive Vice President

_____
Name: Michael R. Zarro, Jr.
Title: Vice President
(Seal )

By _____
    Name:  Jordan D. Dorchuck
    Title:  Vice President and
           Assistant Secretary

STATE OF ___SOUTH CAROLINA_____ )
                                  ) ss:
COUNTY OF ___RICHLAND_____ )

    On this __30th__ day of May, 1996, before me, a notary public for this state and country,
personally came _Anthony B. Cardoza____, as _Exec. Vice President_____ and
_Jordan D. Dorchuck__, as _Asst. Secretary_____ of Shawmut Mortgage Company, and
each in his capacity acknowledged that this instrument is the ac: deed of Shawmut Mortgage
Company and that the statements therein are true and correct.

    WITNESS my official seal and signature this day and year.

(Seal of Notary)

                             _____
                             Notary Public
                             My commission expires __March 20, 2005__

                             BOS-32959v1

BK 3009 | PG 399

Recording Requested By / Return To:
Peelle Management Corporation (90457)
P.O. Box 1710, Campbell, CA 95009-1710

## Assignment of Mortgage     Send Any Notices To Assignee.

For Good and Valuable Consideration, the sufficiency of which is hereby acknowledged, the undersigned,

FLEET MORTGAGE CORP.
SUCCESSOR BY MERGER TO SHAWMUT MORTGAGE COMPANY                    (Assignor)
whose address is 324 West Evans Street, Florence, SC  29501

by these presents does convey, grant, bargain, sell, assign, transfer and set over the described
mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights
due or to become due thereon to:

TO FLEET MORTGAGE CORP. a South Carolina corporation
324 W. Evans Street, Florence, SC  29501
Said mortgage is recorded in the State of MA, County of Middlesex South, Registry of Deeds           (Assignee)
on 02/28/92 as instrument/series/file: 879 Book/volume/liber 21800 on page 170
Original Mortgagor—: CARMEN M. BAILEY
Original Mortgagee—: SHAWMUT MORTGAGE COMPANY

DATED: 02/24/92 AMOUNT: $104000.00
PROPERTY ADDRESS: 111 Brigham Street, Hudson, Ma 01749

IN WITNESS WHEREOF, the undersigned corporation has caused this instrument to be executed as a sealed
instrument by its proper officer who was duly authorized by a resolution of its board of directors.

Dated: May 31, 1996
FLEET MORTGAGE CORP

By: _____
    Michael L. Kohler
    Vice President

State of New Jersey
County of Middlesex

On 02/19/97, before me, the undersigned, a Notary Public for said County and State, personally appeared
Michael L. Kohler, personally known to me to be the person that executed the foregoing instrument, and
acknowledged that he is Vice President of
FLEET MORTGAGE CORP.
and that he executed the foregoing instrument pursuant to a resolution of
its board of directors and that such execution was done as the free act and deed of
FLEET MORTGAGE CORP.

Notary: Kacey C. Grogan
My Commission Expires November 22, 1999

Prepared by: R. S. Stone
Peelle Management Corp., P.O. Box 1710, Campbell, CA
Pool: 350026 1st LN#: S01220255 2nd LN#: 0201271558
FINAL SA.ct han457 90457 2 021997 inv: 2 CT 1518 20-018 MA Middlesex South

10960

EXHIBIT
C

W S H M - M 7

CERTIFIED TO BE A TRUE AND CORRECT COPY
AS TAKEN FROM AND COMPARED WITH THE
ORIGINAL ON FILE IN THIS OFFICE

JUL 2 6 2002

SECRETARY OF STATE OF SOUTH CAROLINA BLACK INK

**STATE OF SOUTH CAROLINA**
**SECRETARY OF STATE**

**ARTICLES OF MERGER**
**OR SHARE EXCHANGE**

# FILED

JUN 1 2001

*Jim Miles*
SECRETARY OF STATE    3

Pursuant to Section 33-11-105 of the 1976 South Carolina Code of Laws, as amended, the undersigned as the surviving corporation in a merger or the acquiring corporation in a share exchange, as the case may be, hereby submits the following information:

1.  The name of the surviving or acquiring corporation is <u>Washington Mutual Home Loans, Inc.</u>

2.  Attached hereto and made a part hereof is a copy of the Plan of Merger or Share Exchange (see Sections 33-11-101 (merger) 33-11-102 (share exchange), 33-11-104 (merger of subsidiary into parent) 33-11-107 (merger or share exchange with a foreign corporation), and 33-11-108 (merger of a parent corporation into one of its subsidiaries) of the 1976 South Carolina Code of Laws, as amended).

3.  Complete the following information to the extent it is relevant with respect to each corporation which is a party to the transaction:

    (a) Name of the corporation <u>Fleet Mortgage Corp.</u>
        Complete either (1) or (2), whichever is applicable:

        (1) [ ] Shareholder approval of the merger or stock exchange was not required (See Sections 33-11-103(h), 33-11-104 (a), and 33-11-108(a) of the 1976 South Carolina Code of Laws, as amended).
        (2) XX The Plan of Merger or Share Exchange was duly approved by shareholders of the corporation as follows:

| Voting Group | Number of Outstanding Shares | Number of Votes Entitled to be Cast | Number of Votes Represented at the meeting | Number of Undisputed* Shares | |
|---|---|---|---|---|---|
| | | | | For or | Against |
| Common | 25,000 | 25,000 | 25,000 | 25,000 | 0 |

*NOTE: Pursuant to Section 33-11-105(a)(3)(ii) of the 1976 South Carolina Code of Laws, as amended, the corporation can alternatively state the total umber of undisputed shares cast for the amendment by each voting group together with a statement that the number cast for the amendment by each voting group was sufficient for approval by that voting group.

    (b) Name of the corporation: <u>Washington Mutual Home Loans, Inc.</u>
        Complete either (1) or (2), whichever is applicable:

        (1) [ ] Shareholder approval of the merger or stock exchange was not required (See Sections 33-11-103(h), 33-11-104(a), and 33-11-108 (a)).
        (2) XX The plan of Merger or Share Exchange was duly approved by shareholders of the corporation as follows:

| Voting Group | Number of Outstanding Shares | Number of Votes Entitled to be Cast | Number of Votes Represented at the meeting | Number of Undisputed* Shares | |
|---|---|---|---|---|---|
| | | | | For or | Against |
| Common | 174,720 | 174,720 | 174,720 | 174,720 | 0 |

01-026914CC



EXHIBIT
D

Hampden
11/14/01
1971-258

Washington Mutual Home Loans, Inc.

_____

Name of Corporation

*NOTE: Pursuant to Section 33-11-105 (a )(3)(ii) of the 1976 South Carolina Code of Laws, as amended, the corporation can alternatively state the total number of undisputed shares cast for the amendment by each voting group together with a statement that the number cast for the amendment by each voting group was sufficient for approval by that voting group.

4.   Unless a delayed date is specified, the effective date of this document shall be the date it is accepted for filing by the Secretary of State ( See Section 33-1-230(b)of the 1976 South Carolina Code of Laws): _____

Date _____ June 1, 2001 _____          Washington Mutual Home Loans, Inc.
                                        _____
                                        Name of the Surviving or Acquiring Corporation

                                        _____
                                        Signature and Office

                                        Fay Chapman, Executive Vice President
                                        _____
                                        Type or Print Name and Office

## FILING INSTRUCTIONS

1.   Two copies of this form, the original and either a duplicate original or a conformed copy, must be filed.

2.   Filing fee (payable to the Secretary of State at the time of filing of this document)

     Filing Fee ..... .... ...... .......... ...... ....... ...........$ 10.00
     Filing Tax .... ..... ..... ...... ..... ...... ....... ..........$100.00
     Total....... ....... ..... ...... ..... ..... ....... .............$110.00

3.   TWO COPIES OF THE PLAN OF MERGER OR SHARE EXCHANGE MUST BE FILED WITH THIS FORM AS AN ATTACHMENT

     Return to: Secretary of State
                PO Box 11350
                Columbia SC 29211

DOM.ART OF MERGER OR SHARE EXCHANGE.doc

Form Revised by South Carolina
Secretary of State, January 2000

## AGREEMENT AND PLAN OF MERGER

This Agreement and Plan of Merger is entered into by and between Washington Mutual Home Loans, Inc., an Ohio corporation (herein "Surviving Corporation"), and Fleet Mortgage Corp., a South Carolina corporation (herein "Merging Corporation").

WHEREAS, the Surviving Corporation and the Merging Corporation desire to merge, with the Surviving Corporation as the corporation surviving such merger;

WHEREAS, the Surviving Corporation and the Merging Corporation intend that the merger qualify as a tax-free reorganization under Section 368 of the Internal Revenue Code and for this Agreement and Plan of Merger to constitute a plan of reorganization under Section 368:

NOW THEREFORE, for good and valuable consideration, the receipt of which is hereby acknowledged, Merging Corporation and Surviving Corporation hereby agree as follows:

1.      On June 1, 2001 (the "Effective Date"), Merging Corporation shall be merged into Surviving Corporation, the separate existence of Merging Corporation shall cease and Surviving Corporation shall continue in existence as the surviving corporation under the Ohio General Corporation Law (the "Merger"). The name of the Surviving Corporation shall continue to be "Washington Mutual Home Loans, Inc."

2.      Pursuant to the Merger, and without any action on the part of the holders thereof, on the Effective Date, each outstanding share of Merging Corporation's Common Stock shall be converted into 6.5 shares of Surviving Corporation's Common Stock.

3.      After the Effective Date, each holder of an outstanding certificate representing shares of the Merging Corporation's Common Stock shall surrender such certificate to the Surviving Corporation and each such holder shall be entitled upon such surrender to receive the number of shares of the Surviving Corporation's Common Stock as is provided for in Paragraph 2 of this Agreement and Plan of Merger. Until so surrendered, the outstanding shares of the Merging Corporation's Common Stock to be converted in accordance with this Agreement and Plan of Merger shall be treated by the Surviving Corporation, for all corporate purposes, as evidencing the ownership of shares of the Surviving Corporation as though such surrender and exchange had taken place.

4.     All shares of Surviving Corporation outstanding immediately prior to the time the Merger is effective (the "Effective Time") shall remain outstanding and are not affected by the Merger.

5.     Merging Corporation shall from time to time, as and when requested by Surviving Corporation, execute and deliver all such documents and instruments and take all such action necessary or desirable to evidence or carry out the Merger.

6.     Pursuant to the Merger, at the Effective Time, Article Fourth of the Articles of Incorporation of the Surviving Corporation shall be amended to read in its entirety as follows:

FOURTH:  The authorized shares of the corporation are 350,000 shares of
         common, without par value and entitled to one vote per share.

7.     The Articles of Incorporation of the Surviving Corporation immediately prior to the Effective Time shall be the Articles of Incorporation of the Surviving Corporation immediately following the Effective Time, as amended by Paragraph 6 of this Agreement and Plan of Merger.

8.     The Code of Regulations of the Surviving Corporation immediately prior to the Effective Time shall be the Code of Regulations of the Surviving Corporation immediately following the Effective Time and shall not be affected by the Merger.

9.     The officers and directors of the Surviving Corporation immediately prior to the Effective Time shall be the officers and directors, respectively, of the Surviving Corporation immediately following the Effective Time and shall not be affected by the Merger.

10.     As of the Effective Time, the effect of the Merger shall be as prescribed in Section 1701.82 of the Ohio General Corporation Law, as amended, including, without limiting the generality of the foregoing, that (i) the separate existence of the Merging Corporation shall cease, and the Surviving Corporation shall possess all assets and property of every description, and every interest in the assets ad property, wherever located, and the rights, privileges, immunities, powers franchises, and authority, of a public as well as of a private nature, of the Merging Corporation, and all obligations belonging to or due to the Merging Corporation, shall be vested in the Surviving Corporation without further act or deed; (ii) title to any real estate or any interest in the real estate vested in the Merging Corporation shall not revert or in any way be impaired by reason of the Merger; (iii) the Surviving Corporation shall be liable for all the obligations of the Merging Corporation, including liability to dissenting shareholders; (iv) any claim existing or any action or

2

proceeding pending by or against the Merging Corporation may be prosecuted to judgment, with right of appeal, as if the Merger had not taken place, or the Surviving Corporation may be substituted in its place; and (v) all the rights of creditors of the Merging Corporation shall be preserved unimpaired, and all liens upon the property of the Merging Corporation shall be preserved unimpaired, on only the property affected by such liens immediately prior to the Merger.

[signature page follows]

3

IN WITNESS WHEREOF, the parties have executed this Agreement and Plan of Merger as of June 1, 2001.

WASHINGTON MUTUAL HOME LOANS, INC.

By:    Fay L. Chapman
Title:    Executive Vice President

FLEET MORTGAGE CORP.

By:    Fay L. Chapman
Title:    President

4

WSHM-M4

# WASHINGTON MUTUAL BANK, FA

## SECRETARY'S CERTIFICATE

The undersigned, William L. Lynch, hereby certifies that he is the Secretary of Washington Mutual Bank, FA, a federal savings association (the "Company"), and that, as such, he is authorized to execute this Certificate on behalf of the Company and further certifies that:

1.      The Company and its subsidiary, Washington Mutual Mortgage Securities Corp. ("Subsidiary"), formed WMHLI Transfer Interim LP as an Ohio limited partnership (the "Limited Partnership") in which the Company was the sole general partner and Subsidiary was the sole limited partner. A true, correct and complete copy of the Certificate of Formation for the Limited Partnership as filed with the Ohio Secretary of State on February 7, 2002 is attached hereto as Exhibit A.

2.      Washington Mutual Home Loans, Inc., also a wholly-owned subsidiary of the Company ("HLI"), thereafter was merged with and into the Limited Partnership. The Limited Partnership was the surviving entity in the merger. A true, correct and complete copy of the Certificate of Merger as filed with the Ohio Secretary of State on February 27, 2002 and effective at 10:00 a.m. on March 1, 2002 is attached hereto as Exhibit B.

3.      Following the merger, the Company purchased all of Subsidiary's interest in the Limited Partnership. As a result of this purchase, the Company owned all interests in the Limited Partnership. Thus, there were no limited partners in the Limited Partnership, and a Certificate of Cancellation to cancel the Limited Partnership was filed with the Ohio Secretary of State and effective at 4:48 p.m. on March 1, 2002. A true, correct and complete copy of the Certificate of Cancellation is attached hereto as Exhibit C.

4.      As a result of the transactions described above, the Company is the successor in interest to HLI by operation of law.

IN WITNESS WHEREOF, the undersigned has hereunto set his hand as of this 21 day of June, 2002.

By: _____
William L. Lynch, Secretary

STATE OF WASHINGTON   )
                      ) ss.
COUNTY OF KING        )

I certify that I know or have satisfactory evidence that William L. Lynch is the person who appeared before me, and said person acknowledged that he signed this instrument, on oath stated that he was authorized to execute the instrument and acknowledged it as the Secretary of Washington Mutual Bank, FA to be the free and voluntary act of such party for the uses and purposes mentioned therein.

Dated this 21 day of June , 2002.

```
┌─────────────────────────────────┐
│         Notary Public           │
│      State of Washington        │
│       ELLEN E. BUTLER           │
│ My Appointment Expires Apr 1, 2003 │
└─────────────────────────────────┘
```

_____
Ellen E. Butler
Notary Public in and for the State of
Washington, residing at Everett
My commission expires:  4/1/03

**EXHIBIT E**

50876



**Exhibit A**

| DATE:<br>02/08/2002 | DOCUMENT ID<br>200203900330 | DESCRIPTION<br>LIMITED PARTNERSHIP (CLP) | FILING<br>125.00 | EXPED<br>100.00 | PENALTY<br>.00 | CERT<br>.00 | COPY<br>.00 |
|---|---|---|---|---|---|---|---|

### Receipt
This is not a bill. Please do not remit payment.

CSC/DIAMOND ACCESS
50 W. BROAD STREET, SUITE 1800
LISA
COLUMBUS, OH 43215

# STATE OF OHIO

## Ohio Secretary of State, J. Kenneth Blackwell

### 1296473

It is hereby certified that the Secretary of State of Ohio has custody of the business records for

**WMHLI TRANSFER INTERIM LP**

and, that said business records show the filing and recording of:

Document(s)                                        Document No(s):

**LIMITED PARTNERSHIP**                            **200203900330**

Witness my hand and the seal of
the Secretary of State at Columbus,
Ohio this 7th day of February, A.D.
2002.

*J. Kenneth Blackwell*

Ohio Secretary of State

United States of America
State of Ohio
Office of the Secretary of State

FEB-06-02  14:20  FROM:                           ID:                    PAGE  2/2
Feb-06-02  10:18am  From-Washington Mutual Legal Dept      +0655042150      T- ---  ---



Prescribed by **J. Kenneth Blackwell**

Please obtain fee amount and mailing instructions from the Filing
Reference Guide ( using the 3 digit form # located at the bottom of this
form). To obtain the Filing Reference Guide or for assistance, please
call Customer Service:
Central Ohio: (614)-466-3910   Toll Free: 1-877-SOS-FILE (1-877-767-3453)

Expedite Second Item +
of $100.00
☒ Expedite

# CERTIFICATE OF LIMITED PARTNERSHIP

The undersigned, desiring to form a limited partnership in accordance with Ohio Revised Code Chapter 1782, do hereby certify
as follows:

1. The name of the limited partnership shall be:
   WMHLY Transfer Interim LP

2. The address of the principal place of business of the partnership shall be:
   1201 Third Avenue              (street address)        WA        98101
                                                          (state)   (zip code)
   Seattle
                (city, township, or village)

3. The name and address of the limited partnership's agent for service of process in Ohio is:
                                                 50 West Broad Street
   CSC-Lawyers Incorporating Service (Corporation    (street and number  P.O. Boxes are not acceptable)
   Service Company)      (name)                      43215
                Columbus                    , Ohio            (zip code)
        (city, village or township)

4. The name and business or residence address of each **GENERAL PARTNER** is:
   Name                            Address
   Washington Mutual Bank, FA      1201 Third Avenue, Seattle, WA  98101

                    (If insufficient space to cover this item, please attach additional sheet)

5. Other provisions (optional):

                    (If insufficient space to cover this item, please attach additional sheet)

IN WITNESS WHEREOF, the undersigned have caused this Certificate to be executed on   February 6, 2002

By: Washington Mutual Bank, FA,                    Signed
    General Partner                                Name: _____
Signed _____                        Signed
Name: Fay L. Chapman, Senior Executive Vice        Name: _____
                         President
Signed _____                        Signed
Name: _____                         Name: _____
        (If insufficient space for all signatures, please attach a separate sheet containing additional signatures)

RECEIVED SECRETARY OF STATE
2002 FEB -7 PM 4:07
CLIENT SERVICE CENTER

Version: 7/1/01

141-CLP

Exhibit B

| DATE:<br>03/01/2002 | DOCUMENT ID<br>200206000060 | DESCRIPTION<br>MERGED OUT OF EXISTENCE (MEX) | FILING<br>.00 | EXPED<br>.00 | PENALTY<br>.00 | CERT<br>.00 | COPY<br>.00 |
|---|---|---|---|---|---|---|---|

**Receipt**

This is not a bill. Please do not remit payment.

CSC/DIAMOND ACCESS
50 W. BROAD STREET, SUITE 1800
ATTN: LISA VAIDO
COLUMBUS, OH 43215

# STATE OF OHIO

### Ohio Secretary of State, J. Kenneth Blackwell

#### 310795

It is hereby certified that the Secretary of State of Ohio has custody of the business records for

**WASHINGTON MUTUAL HOME LOANS, INC.**

and, that said business records show the filing and recording of:

Document(s)                                          Document No(s):

**MERGED OUT OF EXISTENCE**                          **200206000060**



United States of America
State of Ohio
Office of the Secretary of State

Witness my hand and the seal of
the Secretary of State at Columbus,
Ohio this 1st day of March, A.D.
2002.

*J. Kenneth Blackwell*

Ohio Secretary of State



| DATE:<br>03/01/2002 | DOCUMENT ID<br>200206000060 | DESCRIPTION<br>MERGER/DOMESTIC (MER) | FILING<br>125.00 | EXPED<br>100.00 | PENALTY<br>.00 | CERT<br>.00 | COPY<br>.00 |
|---|---|---|---|---|---|---|---|

### Receipt

This is not a bill. Please do not remit payment.

CSC/DIAMOND ACCESS
50 W. BROAD STREET, SUITE 1800
ATTN: LISA VAIDO
COLUMBUS, OH 43215

# STATE OF OHIO

### Ohio Secretary of State, J. Kenneth Blackwell

1296473

It is hereby certified that the Secretary of State of Ohio has custody of the business records for

**WMHLI TRANSFER INTERIM LP**

and, that said business records show the filing and recording of:

Document(s)                                          Document No(s):

**MERGER/DOMESTIC**                          **200206000060**



United States of America
State of Ohio
Office of the Secretary of State

Witness my hand and the seal of
the Secretary of State at Columbus,
Ohio this 1st day of March, A.D.
2002.

*J. Kenneth Blackwell*

Ohio Secretary of State



Prescribed **by J. Kenneth Blackwell**

Ohio Secretary of State
Central Ohio: (614) 466-3910
Toll Free: 1-877-SOS-FILE (1-877-767-3453)

www.state.oh.us/sos
e-mail: busserv@sos.state.oh.us

Expedite this Form: (Select One)

Mail Form to one of the Following:

● Yes    PO Box 1390
         Columbus, OH 43216
** Requires an additional fee of $100 **

○ No     PO Box 1329
         Columbus, OH 43216

# CERTIFICATE OF MERGER

(For Domestic or Foreign, Profit or Non-Profit)
Filing Fee $125.00
(154-MER)

In accordance with the requirements of Ohio law, the undersigned corporations, banks, savings banks, savings and loan, limited liability companies, limited partnerships and/or partnerships with limited liability, desiring to effect a merger, set forth the following facts:

I. SURVIVING ENTITY

A. The name of the entity surviving the merger is:

WMHLI Transfer Interim LP

B. Name Change: As a result of this merger, the name of the surviving entity has been changed to the following:

_____

(Complete only if name of surviving entity is changing through the merger)

C. The surviving entity is a:   (Please check the appropriate box and fill in the appropriate blanks)

☐ Domestic (Ohio) For-Profit Corporation, charter number  _____

☐ Domestic (Ohio) Non-Profit Corporation, charter number  _____

☐ Foreign (Non-Ohio) Corporation incorporated under the laws of the state/country of
and licensed to transact business in the State of Ohio under license number  _____

☐ Foreign (Non-Ohio) Corporation incorporated under the laws of the state/country of
and NOT licensed to transact business in the state of Ohio,

☐ Domestic (Ohio) Limited Liability Company, with registration number  _____

☐ Foreign (Non-Ohio) Limited Liability Company organized under the laws of the state/country of
and registered to do business in the State of Ohio under registration number  _____

☐ Foreign (Non-Ohio) Limited Liability Company organized under the laws of the state/country of
and NOT registered to do business in the State of Ohio.

☑ Domestic (Ohio) Limited Partnership, with registration number  1296473

☐ Foreign (Non-Ohio) Limited Partnership organized under the laws of the state/country of
and registered to do business in the state of Ohio under registration number  _____

☐ Foreign (Non-Ohio) Limited Partnership organized under the laws of the state/country of _____
and NOT registered to do business in the state of Ohio.

☐ Domestic (Ohio) Partnership having limited liability, with the registration number _____

☐ Foreign (Non-Ohio) Partnership having limited liability organized under the laws of the state/country of
_____ and registered to do business in the state of Ohio under registration number
_____

☐ Foreign (Non-Ohio) Non-Profit Incorporation under the laws of the state/county of _____
and licensed to transact business in the state of Ohio under license number _____

☐ Foreign (Non-Ohio) Non-Profit Incorporation under the laws of the state/country of _____
and not licensed to transact business in the state of Ohio.

## II. MERGING ENTITY

The name, charter/license/registration number, type of entity, state/country of incorporation or organization, respectively, of which is the entities merging out of existence are as follows: (If this is insufficient space to reflect all merging entities, please attach a separate sheet listing the merging entities)

*(Please list the Ohio charter, license/registration no. below)*

| Name  /  charter, license or registration number | State/Country of Organization | Type of Entity |
|---|---|---|
| Washington Mutual Home Loans, Inc., 310795 | Ohio | Corporation |
|  |  |  |
|  |  |  |
|  |  |  |

## III. MERGER AGREEMENT ON FILE

The name and mailing address of the person or entity from whom/which eligible persons may obtain a copy of the agreement of merger upon written request.

| Washington Mutual Bank, FA | 1201 Third Avenue |
|---|---|
| (name) | (street)   *NOTE: P.O. Box Addresses are NOT acceptable.* |
| Seattle | Washington   98101 |
| (city, village or township) | (state)   (zip code) |

## IV. EFFECTIVE DATE OF MERGER

This merger is to be effective on: ___March 1, 2002___ (If a date is specified, the date must be a date on or after the date of filing; the effective date of the merger cannot be earlier than the date of filing; if no date is specified, the date of filing will be the effective date of the merger).

## V. MERGER AUTHORIZED

The laws of the state or country under which each constituent entity exists, permits this merger.
This merger was adopted, approved and authorized by each of the constituent entities in compliance with the laws of the state under which it is organized, and the persons signing this certificate on behalf of each of the constituent entities are duly authorized to do so.

**VI. STATUTORY AGENT**

The name and address of the surviving entity's statutory agent upon whom any process, notice or demand may be served is:

CSC - Lawyers Incorporating Service _____ 50 West Broad Street _____
(name) _____ (street)  NOTE: P.O. Box Addresses are NOT acceptable.

Columbus _____ , Ohio  43215 _____
(city, village or township) _____ (zip code)

*(This item MUST be completed if the surviving entity is a foreign entity which is not licensed, registered or otherwise authorized to conduct business in the state of Ohio)*

**VII. ACCEPTANCE OF AGENT**

The undersigned, named herein as the statutory agent for the above referenced surviving entity, hereby acknowledges and accepts the appointment of statutory agent for said entity.

Signature of Agent _____

*(The acceptance of agent must be completed by the surviving entities if through this merger the statutory agent has changed, or the named agent differs in any way from the name currently on record with the Secretary of State.)*

**VIII. STATEMENT OF MERGER**

Upon filing, or upon such later date as specified herein, the merging entity/entities listed herein shall merge into the listed surviving entity

**IX. AMENDMENTS**

The articles of incorporation, articles of organization, certificate of limited partnership or registration of partnership having limited liability (circle appropriate term) of the surviving domestic entity have been amended.

☐ Attachments are provided _____ ☑ No Changes

**X. QUALIFICATION OR LICENSURE OF FOREIGN SURVIVING ENTITY**

A. The listed surviving foreign corporation, bank, savings bank, savings and loan, limited liability company, limited partnership, or partnership having limited liability desires to transact business in Ohio as a foreign corporation, bank, savings bank, savings and loan, limited liability company, limited partnership, or partnership having limited liability, and hereby appoints the following as its statutory agent upon whom process, notice or demand against the entity may be served in the state of Ohio.  The name and complete address of the statutory agent is:

_____ _____
(name) _____ (street)  NOTE: P.O. Box Addresses are NOT acceptable.

_____ , Ohio _____
(city, village or township) _____ (zip code)

The subject surviving foreign corporation, bank, savings bank, savings and loan, limited liability company, limited partnership, or partnership having limited liability irrevocably consents to service of process on the statutory agent listed above as long as the authority of the agent continues, and to service of process upon the Secretary of State of Ohio if the agent cannot be found, if the corporation, bank, savings bank, savings and loan, limited liability company, limited partnership, or partnership having limited liability fails to designate another agent when required to do so, or if the foreign corporation's, bank's, savings bank's, savings and loan's, limited liability company's, limited partnership's or partnership having limited liability's license or registration to do business in Ohio expires or is canceled.

8. The qualifying entity also states as follows: (Complete only if applicable)
   1. Foreign Notice Under Section 1703.031
      (If the qualifying entity is a foreign bank, savings bank, or savings and loan, then the following information must be completed.)

      (a.) The name of the Foreign Nationally/Federally chartered bank, savings bank, or savings and loan association is

      _____

      (b.) The name(s) of any Trade Name(s) under which the corporation will conduct business:

      _____

      _____

      _____

      (c.) The location of the main office (non-Ohio) shall be:

      _____
      (street address)                    NOTE: P.O. Box Addresses are NOT acceptable.

      _____
      (city, township, or village)        (county)        (state)        (zip code)

      (d.) The principal office location in the state of Ohio shall be:

      _____
      (street address)                    NOTE: P.O. Box Addresses are NOT acceptable.

                                                          Ohio
      _____
      (city, township, or village)        (county)        (state)        (zip code)

      (Please note, if there will not be an office in the state of Ohio, please list none.)

      (e.) The corporation will exercise the following purpose(s) in the state of Ohio:
           (Please provide a brief summary of the business to be conducted; a general clause is not sufficient)

      _____

      _____

   2. Foreign Qualifying Limited Liability Company
      (If the qualifying entity is a foreign limited liability company, the following information must be completed.)

      (a.) The name of the limited liability company in its state of organization/registration is

      _____

      (b.) The name under which the limited liability company desires to transact business in Ohio is

      _____

      (c.) The limited liability company was organized or registered on _____
           under the laws of the state/country of _____

(d.) The address to which interested persons may direct requests for copies of the articles of organization, operating agreement, bylaws, or other charter documents of the company is:

_____          _____
(street address)                                          NOTE: P.O. Box Addresses are NOT acceptable.

_____     _____     _____
(city, township, or village)                                   (state)              (zip code)

**3. Foreign Qualifying Limited Partnership**
(If the qualifying entity is a foreign limited partnership, the following information must be completed).

(a.) The name of the limited partnership is

_____

(b.) The limited partnership was formed on    _____

(c.) The address of the office of the limited partnership in its state/country of organization is:

_____          _____
(street address)                                          NOTE: P.O. Box Addresses are NOT acceptable.

_____     _____     _____     _____
(city, township, or village)              (county)              (state)              (zip code)

(d.) The limited partnership's principal office address is:

_____          _____
(street address)                                          NOTE: P.O. Box Addresses are NOT acceptable.

_____     _____     _____     _____
(city, township, or village)              (county)              (state)              (zip code)

(e.) The names and business or residence addresses of the General partners of the partnership are as follows:

Name                                              Address

_____          _____

_____          _____

_____          _____

(If insufficient space to cover this item, please attach a separate sheet listing the general partners and their respective addresses)

(f.) The address of the office where a list of the names and business or residence addresses of the limited partners and their respective capital contributions is to be maintained is:

_____          _____
(street address)                                          NOTE: P.O. Box Addresses are NOT acceptable.

_____     _____     _____     _____
(city, township, or village)              (county)              (state)              (zip code)

The limited partnership hereby certifies that it shall maintain said records until the registration of the limited partnership in Ohio is cancelled or withdrawn.

4. **Foreign Qualifying Partnership Having Limited Liability**

(a.) The name of the partnership shall be

_____

(b.) Please complete the following appropriate section (either item b(l) or b(2)):

(1.) The address of the partnership's principal office in Ohio is:

_____

(street address)                          NOTE:  P.O. Box Addresses are NOT acceptable.

_____ , Ohio _____

(city, village or township)                          (zip code)

*(If the partnership does not have a principal office in Ohio, then items b2 must be completed)*

(2.) The address of the partnership's principal office (Non-Ohio):

_____

(street address)                          NOTE:  P.O. Box Addresses are NOT acceptable.

_____

(city, township, or village)                  (state)              (zip code)

(c.) The name and address of a statutory agent for service of process in Ohio is as follows:

_____

(name)

_____

(street address)                          NOTE:  P.O. Box Addresses are NOT acceptable.

_____ , Ohio _____

(city, village or township)                          (zip code)

(d.) Please indicate the state or jurisdiction in which the Foreign Limited Liability Partnership has been formed

_____

(e.) The business which the partnership engages in is:

_____

_____

_____

The undersigned constituent entities have caused this certificate of merger to be signed by its duly authorized officers, partners and representatives on the date(s) stated below.

WASHINGTON MUTUAL HOME LOANS, INC.          WMHLI TRANSFER INTERIM LP
(Exact name of entity)                      (Exact name of entity)

By: _____               By: Washington Mutual Bank, FA

Its: Thomas M. Jenkins, Vice President      Its: sole general partner

Date: February 25, 2002                     By: _____

                                            By: William L. Lynch, First Vice President and
                                                Corporate Secretary
                                            Date: February 25, 2002

_____                   _____
(Exact name of entity)                      (Exact name of entity)

By: _____               By: _____

Its: _____              Its: _____

Date: _____             Date: _____


_____                   _____
(Exact name of entity)                      (Exact name of entity)

By: _____               By: _____

Its: _____              Its: _____

Date: _____             Date: _____


_____                   _____
(Exact name of entity)                      (Exact name of entity)

By: _____               By: _____

Its: _____              Its: _____

Date: _____             Date: _____


_____                   _____
(Exact name of entity)                      (Exact name of entity)

By: _____               By: _____

Its: _____              Its: _____

Date: _____             Date: _____

EXHIBIT 9



Prescribed by **J. Kenneth Blackwell**

Ohio Secretary of State

Central Ohio (614) 466-3910

Toll Free: 1-877-SOS-FILE (1-877-767-3453)

www.state.oh.us/sos

e-mail:  busserv@sos.state.oh.us

Expedite this Form: (select One)

⦿ Yes    PO Box 1390
         Columbus, OH 43216
         *** Requires an additional fee of $100 ***

◯ No     PO Box 1028
         Columbus, OH 43216

RECEIVED 2 MAR -1 PM 4: 47 SECRETARY OF STATE
DOCUMENT SERVICE CENT.

## Certificate of Cancellation / Cancellation Amendment
## Withdrawal of Limited Partnership or Partnership Having Limited Liability
### (Domestic or Foreign)
### Filing Fee $50.00

**(CHECK ONLY ONE (1) BOX)**

| (1) Limited Partnership Cancellation | (2) ☐ Limited Partnership Cancellation Amendment (101-LPN) | (3) ☐ Withdraw of Partnership Having Limited Liability (156-PLW) |
|---|---|---|
| ☑ Domestic (133-LPC) ☐ Foreign (132-FPC) | | Date of Withdraw _____ (Date) |

**Complete the general information in this section for the box checked above.**

Name of Partnership     WMHLI Transfer Interim LP

Registration Number     1296473

**Complete the information in this section if Domestic is checked in box (1).**

Date of initial filing          February 7, 2002
                                         (Date)

Date of filing with Secretary of State          _____
                                                        (Date)

Reason for filing certificate of cancellation

The Partnership ceasing to have a least two Partners.

The effective date of cancellation: ( please check/complete one of the following)

☑  Upon Filing of Certificate of Cancellation     _____
                                                            (Date)

(Please note that the effective date of cancellation cannot precede or be earlier than the date of filing)

Is a person other than any general partner reflected on the certificate of limited partnership winding up the limited partnership's affairs?     ☐ Yes     ☑ No
                                                 (Please check applicable box)

If "Yes" was checked above, the name and the business, residence or mailing address of each liquidating trustee must be listed in the following space:

| Name | Street Address | City/State/Zip |
|---|---|---|
|  |  |  |

( If insufficient space for this item, please attach a separate sheet)

**Complete the information in this section if Domestic is checked in box (1) Cont.**

Other ( Optional )

_(If insufficient space for this item, and you are filing by paper submission, please attach a separate sheet(s): this portion of the certificate may not exceed three (3) additional pages. ORC 1782.10(B  3))_

**Complete the information in this section if Foreign is checked in box (1).**

A Foreign Limited Partnership, formed under the laws of the state or country of _____

and registered to transact business in Ohio on _____ certifies that said Foreign Limited Partnership is not longer transacting business in the State of Ohio and hereby states that said Foreign Limited Partnership surrenders its authority to transact business in Ohio.

**Complete the information in this section if box (2) is checked.**

The amendment is submitted for the following reason(s):

☐ a new liquidating trustee(s) has/have been named      _(If this box has been checked, please complete the following):_

If space for trustees is insufficient, and you are filing by paper submission, please attach a separate sheet containing the additional names and addresses

    Name and Address

☐ the following liquidating trustee(s) has/have ceased to serve as such
_(If this box has been checked, please complete the following):_

If space for trustees is insufficient, and you are filing by paper submission, please attach a separate sheet containing the additional names and addresses

    Name of former liquidating trustee(s):

Complete the information in this section if box (2) is checked Cont.

☐ the address of a named liquidating trustee has changed
*(If this box has been checked, please complete the following):*

If space for trustees is insufficient, and you are filing by paper submission, please attach a separate sheet containing the additional names and addresses

Name of liquidating trustee                         New

_____

_____

_____

_____

_____

_____

Must be authenticated by an authorized representative

| See Below | | March 1, 2002 |
| Authorized Representative | | Date |

| | | |
| Authorized Representative | | Date |

| | | |
| Authorized Representative | | Date |

WMHLI INTERIM TRANSFER LP. an Ohio
limited partnership

By: Washington Mutual Bank, FA.
    its sole general partner

By: _____
    Fay L. Chapman,
    Senior Executive Vice President
Date: March 1, 2002

W S H M – M5

# COMMONWEALTH OF MASSACHUSETTS

## LAND COURT



{SEAL}

### DEPARTMENT OF THE TRIAL COURT

CASE NO. 34564-S-2002-06

Upon the petition of Washington Mutual Bank, FA of Stockton, California alleging that:

1. Washington Mutual Bank, FA is a federal savings association duly authorized and existing under the laws of the United States of America.

2. Washington Mutual Bank, FA and its wholly-owned subsidiary, Washington Mutual Mortgage Securities Corp. ("Subsidiary") formed WMHLI Transfer Interim LP as an Ohio limited partnership (the "Interim Limited Partnership") in which Washington Mutual Bank, FA was the sole general partner and Subsidiary was the sole limited partner.

3. Washington Mutual Home Loans, Inc. ("HLI") was also a wholly-owned subsidiary of Washington Mutual Bank, FA.

4. HLI merged with and into the Interim Limited Partnership. The Interim Limited Partnership was the surviving entity in the merger.

5. Following the merger of HLI and the Interim Limited Partnership, Washington Mutual Bank, FA purchased all of the Subsidiary's interest in the Interim Limited Partnership.

6. As a result of Washington Mutual Bank, FA's purchase of the Subsidiary's interest in the Interim Limited Partnership, there was no limited partner remaining in the Interim Limited Partnership, thereby permitting the Interim Limited Partnership to be cancelled.

Petitioner prays that all assets (including without limitation all instruments of record) standing in the name of Washington Mutual Home Loans, Inc. be deemed assigned to and stand in the name of Washington Mutual Bank, FA, effective as of March 1, 2002, the date of the sale and assignment of Limited Partner Interest.

After due proceedings, it is **ORDERED**: that that all assets (including without limitation all instruments of record) standing in the name of Washington Mutual Home Loans, Inc. be deemed assigned to and stand in the name of Washington Mutual Bank, FA, effective as of March 1, 2002, the date of the sale and assignment of Limited Partner Interest.

By the Court. (Scheier, J.)

Attest:

Charles W. Trombly, Jr.
Recorder

A TRUE CO

ATTEST:

Dated: June 28, 2002

*Charles W. Trombly, Jr*

RECORDER

EAW/ef



Norfolk
MA Vol 2302 P
Plymouth
7/8/02
Doc 509342

EXHIBIT
F

2307-Q

A true copy of document filed in
Plymouth District of the Land Court
on _July 8_, 2002 at 12:29 PM
as Document No.
Attest:-      5093-12

Assistant Recorder

_John R. Buckley Jr._

Rec'd 8-27-02

copy

WSHM - NC5.

rec 10/31/06 in Berkshire
North at 1269/79



## Office of Thrift Supervision
Department of the Treasury

1700 G Street, N.W., Washington, D.C. 20552 • (202) 906-6000

## NAME CHANGE CERTIFICATION

**REFERENCE:**  Washington Mutual Bank
Henderson, Nevada

I, Roslyn E. Weeks, Corporate Secretary, Office of Thrift Supervision, hereby certify, according to the records of the Office of Thrift Supervision, Department of the Treasury, Washington, DC:

1. Washington Mutual Bank, Henderson, Nevada, was chartered under the laws of the United States to transact the business of a Federal savings bank;

2. The immediate predecessor in corporate title to Washington Mutual Bank, Henderson, Nevada, was Washington Mutual Bank, FA, Stockton, California;

3. Effective April 4, 2005, Washington Mutual Bank, FA, Stockton, California, changed its corporate title to Washington Mutual Bank, Stockton, California; and,

4. Effective September 23, 2005, Washington Mutual Bank, Stockton, California, relocated it corporate headquarters from Stockton, California, to Henderson, Nevada.

**DATED** this 17th day of August 2006.



*Roslyn E. Weeks*
**Roslyn E. Weeks**
**Corporate Secretary**

Berkshire
North 10/31/06
9-79

10/26  sent req for 10 cert copies w/ fc docs for 200601-

**EXHIBIT**
**G**



Bk: 49268 Pg: 390

2007 00064291

Bk: 49268 Pg: 390   Doc: ASM
Page: 1 of 1   04/10/2007 03:00 PM

WAMU #: 8012444512
Wells#: 8012444512
Pool #: FNMA 0000350026

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, WASHINGTON MUTUAL BANK F/K/A WASHINGTON MUTUAL BANK, FA SUCCESSOR BY MERGER TO WASHINGTON MUTUAL HOME LOANS, INC. SUCCESSOR BY MERGER TO FLEET MORTGAGE CORP., WHOSE ADDRESS IS 2210 ENTERPRISE DRIVE , FLORENCE, SC 29501, (ASSIGNOR), by these presents does convey, grant, sell, assign, transfer and set over the described mortgage together with the certain note(s) described therein together with all interest secured thereby, all liens, and any rights due or to become due thereon to WELLS FARGO BANK, NA, WHOSE ADDRESS IS 1 HOME CAMPUS , DES MOINES, IA 50328, ITS SUCCESSORS OR ASSIGNS, (ASSIGNEE).

Said Mortgage bearing the date 02/24/1992 , made and executed by: CARMEN M BAILEY  as mortgagor to SHAWMUT MORTGAGE COMPANY  as mortgagee, in the Office of the Register of Titles and County Recorder in and for the County of MIDDLESEX SOUTH  and State of Massachusetts in Mortgage Book 21800 , Page 170 , Doc No 879

Property commonly known as: 111 BRIGHAM ST
                            HUDSON, MA 01749

In Testimony Whereof, the said corporation has caused these present to be executed in its corporate name by its ASST. VICE PRESIDENT  and its corporate seal to be hereunto affixed THIS 22ND DAY OF MARCH IN THE YEAR 2007
WASHINGTON MUTUAL BANK F/K/A WASHINGTON MUTUAL BANK, FA SUCCESSOR BY MERGER TO WASHINGTON MUTUAL HOME LOANS, INC. SUCCESSOR BY MERGER TO FLEET MORTGAGE CORP.

BY: _____
      BRYAN BLY  ASST. VICE PRESIDENT

(seal)
Washington Mutual Bank
Corporate Seal Has Not Been Adopted

STATE OF FLORIDA   COUNTY OF PINELLAS
On THIS 22ND DAY OF MARCH IN THE YEAR 2007 , before me, the undersigned notary public, personally appeared BRYAN BLY  proved to me through satisfactory evidence of identification, which was a State issued Picture ID, to be the person whose name is signed on the preceding document, and acknowledged to me that he/she signed it voluntarily for its stated purpose as the ASST. VICE PRESIDENT  of WASHINGTON MUTUAL BANK F/K/A WASHINGTON MUTUAL BANK, FA SUCCESSOR BY MERGER TO WASHINGTON MUTUAL HOME LOANS, INC. SUCCESSOR BY MERGER TO FLEET MORTGAGE CORP.  a corporation.

MARIA LEONOR GERHOLDT  Notary Public
My commission expires: 05/26/2009

MARIA LEONOR GERHOLDT
Notary Public State of Florida
My Commission Exp. May 26, 2009
No. DD 0434521
Bonded through (800) 432-4254
Florida Notary Assn., Inc.

Instrument Prepared By: J. Lesinski/NTC,2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152
When Recorded Return To: Nationwide Title Clearing
                         2100 Alt. 19 North
                         Palm Harbor, FL 34683

USS WMASN 6924102  CJ1345734

Atset. Middleses S. Hughes




**UNITED STATES POSTAL SERVICE**®

Home | He

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: **7160 3901 9848 1775 6699**
Service(s): **Certified Mail**™
Status: **Unclaimed**

Your item was returned to the sender on October 10, 2009 because it was
not claimed by the addressee.

---

**Track & Confirm**

Enter Label/Receipt Number.

---

**Detailed Results:**
• **Unclaimed, October 10, 2009, 2:49 pm, HUDSON, MA**
• **Notice Left, September 23, 2009, 12:12 pm, HUDSON, MA 01749**
• **Arrival at Unit, September 23, 2009, 7:42 am, HUDSON, MA 01749**

---

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gat

Copyright© 2009 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA



EXHIBIT
I

# ḤARMON LAW OFFICES, P.C.

150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458
TEL (617) 558-0500
FAX (617) 244-7304

*SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND*

September 22, 2009

Sir/Madam Carmen M. Bailey
111 Brigham Street, Unit #19B
Hudson, MA 01749

## NOTICE OF MORTGAGE FORECLOSURE SALE

Re:   Wells Fargo Bank, NA / Bailey, Carmen

Pursuant to Massachusetts General Laws, Chapter 244, Section 14, as amended, enclosed is a copy of the Notice of Mortgagee's Sale of Real Estate. Also enclosed is a Deficiency Notice.

This notice is provided to you because an examination of the record title shows that you held an interest of record in the property thirty (30) days prior to the sale.

If you want to reinstate or payoff the mortgage, you may order a reinstatement or payoff 24 hours a day on-line by going to www.hloreinstatement.com or to www.hlopayoff.com. Please follow the instructions contained on the web page. Please note that only requests made by owners, borrowers, mortgagors and authorized parties will be processed. You may also contact us during business hours to request a reinstatement or payoff by calling (617) 558-0598. When completing the on-line form or when calling our office, please reference your Case Number 200904-2296, so that we may process your request more quickly.

Our experience has shown us that you are likely to benefit if you allow qualified bidders at the foreclosure sale to enter and inspect the premises. This may result in a higher purchase price. If you are willing to allow qualified bidders to enter and inspect the premises, please be present at the time of the foreclosure sale.

Wells Fargo Bank, NA
Present holder of mortgage
By its Attorney,

*Harmon Law Offices, P.C.*



AFF/CGS/200904-2296/Enclosure
CERTIFIED MAIL/RETURN RECEIPT REQUESTED

**PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

200904-2296                              FCL

/Notice      of      Sale      to
MortgagorsOwners   Defic   Ltr
Defic/Bailey, Carmen

## ..ARMON LAW OFFICES, P.C.

150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458
TEL (617) 558-0500
FAX (617) 244-7304

*SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND*

September 22, 2009

## NOTICE OF INTENTION TO FORECLOSE MORTGAGE AND OF
## DEFICIENCY AFTER FORECLOSURE OF MORTGAGE

To:     Sir/Madam Carmen M. Bailey
        111 Brigham Street, Unit #19B
        Hudson, MA 01749

You are hereby notified, in accordance with the statute, of the intention of Wells Fargo Bank, NA, on or after October 23, 2009, to foreclose by sale under power of sale for breach of conditions, the mortgage held by it on property situated at 111 Brigham Street, Unit No. 2, Bldg. No. 4 a/k/a Unit No. 19B, Assabet Village Condominium, Hudson, Massachusetts, said mortgage dated February 24, 1992, and recorded with the Middlesex County (Southern District) Registry of Deeds at Book 21800, Page 170, said mortgage given to secure a note signed by you, for the whole or part of which you may be liable to Wells Fargo Bank, NA in case of a deficiency in the proceeds of the foreclosure sale.

No deficiency after the foreclosure sale may be pursued if you have obtained or will obtain a Chapter 7 bankruptcy discharge that covers your obligation under the note secured by the mortgage referred to above. No efforts to collect any deficiency may be undertaken without bankruptcy court approval while a bankruptcy proceeding is pending.

Wells Fargo Bank, NA
By its attorney,

*Harmon Law Offices, P.C.*

AFF/200904-2296

CERTIFIED MAIL NO.
RETURN RECEIPT REQUESTED

**PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

# HARMON LAW OFFICES, P.C.

150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458
TEL (617) 558-0500
FAX (617) 244-7304

*SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND*

September 22, 2009

Sir/Madam Carmen M. Bailey
111 Brigham Street, Unit #19B
Hudson, MA 01749

## NOTICE OF MORTGAGE FORECLOSURE SALE

Re:    Wells Fargo Bank, NA / Bailey, Carmen

Pursuant to Massachusetts General Laws, Chapter 244, Section 14, as amended, enclosed is a copy of the Notice of Mortgagee's Sale of Real Estate. Also enclosed is a Deficiency Notice.

This notice is provided to you because an examination of the record title shows that you held an interest of record in the property thirty (30) days prior to the sale.

If you want to reinstate or payoff the mortgage, you may order a reinstatement or payoff 24 hours a day on-line by going to www.hloreinstatement.com or to www.hlopayoff.com. Please follow the instructions contained on the web page. Please note that only requests made by owners, borrowers, mortgagors and authorized parties will be processed. You may also contact us during business hours to request a reinstatement or payoff by calling (617) 558-0598. When completing the on-line form or when calling our office, please reference your Case Number 200904-2296, so that we may process your request more quickly.

Our experience has shown us that you are likely to benefit if you allow qualified bidders at the foreclosure sale to enter and inspect the premises. This may result in a higher purchase price. If you are willing to allow qualified bidders to enter and inspect the premises, please be present at the time of the foreclosure sale.

Wells Fargo Bank, NA
Present holder of mortgage
By its Attorney,

*Harmon Law Offices, P.C.*

AFF/CGS/200904-2296/Enclosure

## PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

# HARMON LAW OFFICES, P.C.

150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458
TEL (617) 558-0500
FAX (617) 244-7304

*SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND*

September 22, 2009

## NOTICE OF INTENTION TO FORECLOSE MORTGAGE AND OF DEFICIENCY AFTER FORECLOSURE OF MORTGAGE

To:    Sir/Madam Carmen M. Bailey
111 Brigham Street, Unit #19B
Hudson, MA 01749

You are hereby notified, in accordance with the statute, of the intention of Wells Fargo Bank, NA, on or after October 23, 2009, to foreclose by sale under power of sale for breach of conditions, the mortgage held by it on property situated at 111 Brigham Street, Unit No. 2, Bldg. No. 4 a/k/a Unit No. 19B, Assabet Village Condominium, Hudson, Massachusetts, said mortgage dated February 24, 1992, and recorded with the Middlesex County (Southern District) Registry of Deeds at Book 21800, Page 170, said mortgage given to secure a note signed by you, for the whole or part of which you may be liable to Wells Fargo Bank, NA in case of a deficiency in the proceeds of the foreclosure sale.

No deficiency after the foreclosure sale may be pursued if you have obtained or will obtain a Chapter 7 bankruptcy discharge that covers your obligation under the note secured by the mortgage referred to above. No efforts to collect any deficiency may be undertaken without bankruptcy court approval while a bankruptcy proceeding is pending.

Wells Fargo Bank, NA
By its attorney,

*Harmon Law Offices, P.C.*

AFF/200904-2296

**PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**



Home | He

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: 7160 3901 9848 1775 6682
Service(s): **Certified Mail**™
Status: **Unclaimed**

Your item was returned to the sender on October 10, 2009 because it was not claimed by the addressee.

Detailed Results:
- **Unclaimed, October 10, 2009, 2:50 pm, HUDSON, MA**
- **Notice Left, September 23, 2009, 12:12 pm, HUDSON, MA 01749**
- **Arrival at Unit, September 23, 2009, 7:42 am, HUDSON, MA 01749**

Track & Confirm

Enter Label/Receipt Number.

# HARMON LAW OFFICES, P.C.

150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458
TEL (617) 558-0500
FAX (617) 244-7304

*SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND*

September 22, 2009

Sir/Madam Carmen M. Bailey
111 Brigham Street, Unit No. 2, Bldg. No. 4 a/k/a Unit No. 19B, Assabet Village Condominium
Hudson, MA 01749

## NOTICE OF MORTGAGE FORECLOSURE SALE

Re:    Wells Fargo Bank, NA / Bailey, Carmen

Pursuant to Massachusetts General Laws, Chapter 244, Section 14, as amended, enclosed is a copy of the Notice of Mortgagee's Sale of Real Estate.

This notice is provided to you because an examination of the record title shows that you held an interest of record in the property thirty (30) days prior to the sale.

If you want to reinstate or payoff the mortgage, you may order a reinstatement or payoff 24 hours a day on-line by going to www.hloreinstatement.com or to www.hlopayoff.com. Please follow the instructions contained on the web page. Please note that only requests made by owners, borrowers, mortgagors and authorized parties will be processed. You may also contact us during business hours to request a reinstatement or payoff by calling (617) 558-0598. When completing the on-line form or when calling our office, please reference your Case Number 200904-2296, so that we may process your request more quickly.

Also enclosed is a Deficiency Notice.

Our experience has shown us that you are likely to benefit if you allow qualified bidders at the foreclosure sale to enter and inspect the premises. This may result in a higher purchase price. If you are willing to allow qualified bidders to enter and inspect the premises, please be present at the time of the foreclosure sale.

Wells Fargo Bank, NA
Present holder of mortgage
By its Attorney,

*Harmon Law Offices, P.C.*



AFF/CGS/200904-2296/Enclosure
CERTIFIED MAIL/RETURN RECEIPT REQUESTED

**PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

## ARMON LAW OFFICES, P.C.

150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458
TEL (617) 558-0500
FAX (617) 244-7304

*SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND*

September 22, 2009

## NOTICE OF INTENTION TO FORECLOSE MORTGAGE AND OF
## DEFICIENCY AFTER FORECLOSURE OF MORTGAGE

To:    Sir/Madam Carmen M. Bailey
       111 Brigham Street, Unit No. 2, Bldg. No. 4 a/k/a Unit No. 19B, Assabet Village Condominium
       Hudson, MA 01749

You are hereby notified, in accordance with the statute, of the intention of Wells Fargo Bank, NA, on or after October 23, 2009, to foreclose by sale under power of sale for breach of conditions, the mortgage held by it on property situated at 111 Brigham Street, Unit No. 2, Bldg. No. 4 a/k/a Unit No. 19B, Assabet Village Condominium, Hudson, Massachusetts, said mortgage dated February 24, 1992, and recorded with the Middlesex County (Southern District) Registry of Deeds at Book 21800, Page 170, said mortgage given to secure a note signed by you, for the whole or part of which you may be liable to Wells Fargo Bank, NA in case of a deficiency in the proceeds of the foreclosure sale.

No deficiency after the foreclosure sale may be pursued if you have obtained or will obtain a Chapter 7 bankruptcy discharge that covers your obligation under the note secured by the mortgage referred to above. No efforts to collect any deficiency may be undertaken without bankruptcy court approval while a bankruptcy proceeding is pending.

Wells Fargo Bank, NA
By its attorney,

*Harmon Law Offices, P.C.*

AFF/200904-2296

CERTIFIED MAIL NO.
RETURN RECEIPT REQUESTED

**PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

## HARMON LAW OFFICES, P.C.

150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458
TEL (617) 558-0500
FAX (617) 244-7304

*SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND*

September 22, 2009

Sir/Madam Carmen M. Bailey
111 Brigham Street, Unit No. 2, Bldg. No. 4 a/k/a Unit No. 19B, Assabet Village Condominium
Hudson, MA 01749

### NOTICE OF MORTGAGE FORECLOSURE SALE

Re:    Wells Fargo Bank, NA / Bailey, Carmen

Pursuant to Massachusetts General Laws, Chapter 244, Section 14, as amended, enclosed is a copy of the Notice of Mortgagee's Sale of Real Estate.

This notice is provided to you because an examination of the record title shows that you held an interest of record in the property thirty (30) days prior to the sale.

If you want to reinstate or payoff the mortgage, you may order a reinstatement or payoff 24 hours a day on-line by going to www.hloreinstatement.com or to www.hlopayoff.com. Please follow the instructions contained on the web page. Please note that only requests made by owners, borrowers, mortgagors and authorized parties will be processed. You may also contact us during business hours to request a reinstatement or payoff by calling (617) 558-0598. When completing the on-line form or when calling our office, please reference your Case Number 200904-2296, so that we may process your request more quickly.

Also enclosed is a Deficiency Notice.

Our experience has shown us that you are likely to benefit if you allow qualified bidders at the foreclosure sale to enter and inspect the premises. This may result in a higher purchase price. If you are willing to allow qualified bidders to enter and inspect the premises, please be present at the time of the foreclosure sale.

Wells Fargo Bank, NA
Present holder of mortgage
By its Attorney,

*Harmon Law Offices, P.C.*

AFF/CGS/200904-2296/Enclosure

**PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

# ..ARMON LAW OFFICES, P.C.

150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458
TEL (617) 558-0500
FAX (617) 244-7304

*SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND*

September 22, 2009

## NOTICE OF INTENTION TO FORECLOSE MORTGAGE AND OF DEFICIENCY AFTER FORECLOSURE OF MORTGAGE

To:   Sir/Madam Carmen M. Bailey
111 Brigham Street, Unit No. 2, Bldg. No. 4 a/k/a Unit No. 19B, Assabet Village Condominium
Hudson, MA 01749

You are hereby notified, in accordance with the statute, of the intention of Wells Fargo Bank, NA, on or after October 23, 2009, to foreclose by sale under power of sale for breach of conditions, the mortgage held by it on property situated at 111 Brigham Street, Unit No. 2, Bldg. No. 4 a/k/a Unit No. 19B, Assabet Village Condominium, Hudson, Massachusetts, said mortgage dated February 24, 1992, and recorded with the Middlesex County (Southern District) Registry of Deeds at Book 21800, Page 170, said mortgage given to secure a note signed by you, for the whole or part of which you may be liable to Wells Fargo Bank, NA in case of a deficiency in the proceeds of the foreclosure sale.

No deficiency after the foreclosure sale may be pursued if you have obtained or will obtain a Chapter 7 bankruptcy discharge that covers your obligation under the note secured by the mortgage referred to above. No efforts to collect any deficiency may be undertaken without bankruptcy court approval while a bankruptcy proceeding is pending.

Wells Fargo Bank, NA
By its attorney,

*Harmon Law Offices, P.C.*

AFF/200904-2296

## PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.