UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>    CARMEN BAILEY<br>        Debtor | Chapter 13<br><br>Case No. 09-44760-HJB |
| CARMEN BAILEY<br>        Plaintiff<br>vs.<br>WELLS FARGO BANK, NA<br>        Defendant | Adversary Proceeding No.<br>**09-AP-04190** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

NOW COMES THE PLAINTIFF and opposes the Motion to Dismiss of Wells Fargo Bank, NA and requests a hearing pursuant to MLBR 9013-1 for the following reasons:

**1.    The Plaintiff has a Significant chance of meeting her Burden of Proof at Trial.**

Although Plaintiff may have failed to meet her burden of proof on the standard for a Temporary Restraining Order (i.e., likelihood of success on the merits), this does not mean that Plaintiff is incapable of proving her case at trial. The Court applied a high standard (i.e., "plaintiff failed to demonstrate that the Defendant was <u>not</u> the holder of the subject mortgage at the time of the foreclosure sale, regardless of whether all assignments were recorded"), as it must in the case of preliminary injunctive relief. However, the standard at trial will be materially different. The burden of the Plaintiff is merely to show a material irregularity of recorded evidence of assignment or corporate succession of the mortgage or promissory note. Without such clear evidence, Defendant's ability to foreclose the mortgage in question was absent, even though Plaintiff could not demonstrate at the preliminary injunctive relief stage that another entity held lawful title. The evolving caselaw in Massachusetts makes it clear that a party challenging a foreclosure does not need to prove the negative (i.e., that some other entity held legal title) but that the purported mortgage holder must demonstrate actual and record evidence of title of both the note and

mortgage. See <u>U.S. Bank National Association as trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-Z v. Ibanez</u>, Mass. Land Court No. 08-Misc-384283-KCL, Memorandum And Order On The Plaintiffs' Motions To Vacate Judgment, October 14, 2009 (and consolidated case <u>Wells Fargo Bank, NA as trustee for ABFC 2005-OPT1 Trust, ABFC Asset Backed Certificates Series 2005-OPT1 v. Larace</u>, No. 08-Misc-386755-KCL.).

**2.      The Record Title was admittedly deficient at the time of foreclosure.**

**In this case, the state of the record title is admittedly deficient in at least two respects:**

**         a.      There is no recorded evidence of title of the mortgage passing from Shawmut Mortgage Company (a Connecticut corporation) to Fleet Mortgage Corp. (a North Carolina corporation). Although records at the secretaries of state in both states confirm the merger and corporate succession occurred, nothing in the record title at the Middlesex Registry of Deeds alerts a prudent title examiner to this fact. Although this could have been rectified by a simple statement of corporate succession by a corporate office within the notarized assignment, it does not change the fact that the absence of such a statement on record at the time of foreclosure created a gap in the chain of title. A prudent title examiner could not have known about the succession from Shawmut to Fleet without recorded evidence because (1) the succession took place out of state and (2) the chain of title from Shawmut was broken by the unreferenced assignment from Fleet, i.e., an examiner could not ascertain from the indices at the Registry that such a transfer into Fleet ever took place.**

         b.      There is no recorded evidence of the corporate succession of Washington Mutual Home Loans, Inc. to Washington Mutual Bank, FA in the Middlesex Registry of Deeds. Once again, a prudent title examiner could never have ascertained the chain of title passing from Washington Mutual Home Loans, Inc. to Washington Mutual Bank, FA from the records available at the Middlesex Registry of Deeds. In fact, there does not appear to have been any corporate succession, but in fact, an <u>assignment of assets</u> which requires a recorded assignment.

It appears from the documents supplied by Defendant that Washington Mutual Home Loans, Inc. merged into a limited partnership (WMHLI Transfer Interim LP) in the state of Ohio in 2002. Washington Mutual Bank, FA was the sole general partner and Washington Mutual Mortgage Securities Corp. was the sole limited partner. At some point, Washington Mutual Bank, FA (the general partner) acquired the interest of Washington Mutual Mortgage Securities Corp. (the limited partner) in the partnership, thereby effectuating a dissolution of the partnership by law (dissolution occurs "at any other time there are no limited partners" Ohio Rev. L. §1782.10). There is no public record and no recorded evidence of this event. Defendant presumes that the dissolution of the partnership automatically vested the assets of the partnership in the last surviving partner. However, limited partnerships do not operate as general partnerships do upon dissolution. Limited partnership interest are considered personal property under the Uniform Limited Partnership Act in effect in Ohio and Massachusetts, G.L.c. 109, § 18, and Ohio Rev. L. §1782.39. The sale or transfer of a Limited Partnership interest is treated as a sale of securities. Bonin v. Chestnut Hill Towers Realty Co., 14 Mass. App. Ct. 63, 72 (1982). Therefore, Washington Mutual Bank, FA did not automatically succeed to the assets of the limited partnership upon acquisition of the last Limited Partner standing. The succession of the partnership's assets required an assignment from the partnership to Washington Mutual Bank, FA to effectuate the transfer. This was not done.

It is important to keep in mind that this was an asset of a Limited Partnership, not a General Partnership. Under the Uniform Partnership Act (in effect in both Massachusetts and Ohio at all relevant times), "[a] partner is co-owner with his partners of specific partnership property *holding as a tenant in partnership*." Fusco v. Rocky Mountain i Investments Ltd., 42 Mass. App. Ct. 441, 447 (1997) (emphasis added). Upon the dissolution of a general partnership, title devolves automatically to the individual partners without necessity of an assignment of evidence of transfer. "A limited partnership is markedly different. All the general partners, as we have noted, are personally liable for the debts of the limited partnership, but all the general partners do not own all the proprietary interests in the limited partnership. Typically, a majority interest is owned by the limited partners. The

underpinning for the common law rule - that all the general partners in a general partnership together own all the assets as "tenants in partnership" - is absent in the case of a limited partnership . . ." Id. Thus, there must be an assignment of the partnership's assets upon dissolution of a Limited Partnership, and it cannot be presumed that the last general partner "inherited" the partnership assets.

The fact that Defendant has produced a "Secretary's Certificate" (Exhibit E to the Motion to Dismiss) demonstrates that evidence of the succession of assets from Washington Mutual Home Loans, Inc. to Washington Mutual Bank, FA was insufficient as of the public records.

The fact that the Defendant's alleged predecessors in title found it necessary to commence a Land Court action in 2002 to declare succession of title from Washington Mutual Home Loans, Inc. to Washington Mutual Bank, FA also demonstrates the insufficiency of the public records.  See Exhibit F to the Motion to Dismiss.  The Land Court order appears to have been recorded in Plymouth and Norfolk counties, but not in Middlesex.  This fact alone virtually admits that prudent title examiners in those counties demanded corrective evidence be recorded before passing on the quality of title of Washington Mutual Home Loans, Inc. instruments, and thus the state of title in Middlesex was defective.

As Judge Long in the Land Court (See Ibanez, supra) and Judge Rosenthal in the Bankruptcy Court have noted, M.G.L. 244 §14 permits only the "holder" of the mortgage have authority to foreclose, and title must be impeccably evident in the holder before a foreclosure, or else willing buyers are deterred by the deficient quality of title.  See *In re Sima Schwartz*, U.S. Bankr. Ct., D. Mass., Chap. 7 Case No. 06-42476-JBR, Memorandum of Decision on Motion for Relief at 7 (Apr. 19, 2007).

### 3.     The Plaintiff did not receive adequate notice of foreclosure.

The Verified Complaint demonstrates the Debtor never received notice of the intended foreclosure sale.  The Motion to Dismiss confirms that, showing that certified mail notices were "unclaimed."  In fact, Debtor's mail is delivered to a common or "gang" mailbox station at the entrance to the condominium complex.  However, certified letters are not delivered by the regular

route carrier, but by a specially dispatched carrier who does not have the key to the gang mailboxes. When the letter carrier did not find the addressee at home, he or she cannot leave the salmon-colored notice card in the addressee's mailbox, but must leave it near the addressee's door. There is no mailbox or other receptacle for mail delivery at debtor's door, and debtor is not accustomed to looking for mail there. In fact, she enters her home from the garage and never uses the front door. As the verified complaint explains, she found the salmon-colored card among a pile of leaves in the yard days after the purported foreclosure sale, and received no other notice by regular first class mail.

As Judge Long in the Land Court (See Ibanez, supra) and Judge Rosenthal in the Bankruptcy Court (See *In re Sima Schwartz*, supra) have both noted and emphasized, M.G.L. 244 §14 requires adequate statutory notice to the debtor or the foreclosure effort is a nullity, not to mention a violation of due process rights.

**WHEREFORE Plaintiff prays the Motion to Dismiss be denied, or in the alternative, that a hearing be scheduled and further briefing permitted.**

Dated: February 15, 2010

                                                  CARMEN BAILEY
                                                  BY HER ATTORNEY:

                                                  /s/ Michael J. Tremblay
                                                MICHAEL J. TREMBLAY, BBO 502133
                                                277 Main St.
                                                Marlborough, MA 01752
                                                Tel. 508-485-4500
                                                Fax. 508-449-3969
                                                Email: attorney@tremblay.com

## CERTIFICATE OF SERVICE

      I, Michael J. Tremblay, do hereby certify that I have served the foregoing OPPOSITION TO MOTION TO DISMISS upon the parties listed below via electronic service this date:

Christine Murphy on behalf of Defendant Wells Fargo Bank, NA
cmurphy@harmonlaw.com

o and to the parties listed in the attached list by first class mail.

Dated:  February 15, 2010

                                                  /S/ Michael J. Tremblay
                                              MICHAEL J. TREMBLAY   bbo#502133
                                              277 Main St.
                                              Marlborough, MA 01752
                                              Tel. (508) 485-4500

                                              Service list by mail:

þ    None