## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## CENTRAL DIVISION

**Chapter 13**
**Case No. 09-44760**
**Adversary Proceeding No. 09-04190**

| |
|---|
| **In re:** |
| **Carmen Bailey** |
| **Debtor** |
| |
| **Carmen Bailey**<br>**Plaintiff** |
| **vs.** |
| **Wells Fargo Bank, NA**<br>    **Defendant.** |

## DEFENDANT, WELLS FARGO BANK, NA'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Now comes the Defendant, Wells Fargo Bank, NA (hereinafter "Wells") and objects to Plaintiff's Motion to Compel Discovery Response filed with the Court on March 10, 2010. As grounds thereof Wells states the following:

1. Wells conducted a foreclosure sale at the Property known as 111 Brigham Street, Unit No. 19B in Hudson Massachusetts on October 23, 2009. A third party purchased the Property.

2. On or about November 23, 2009, Carmen Bailey filed a Motion for a Temporary Restraining Order and filed the action herein seeking to enjoin the conveyance of

the Property and alleging the title was defective and as such the foreclosure sale was invalid.

3. A hearing was held on January 25, 2009 and this Honorable Court denied the Temporary Restraining Order sought by Carmen Bailey on the basis that Plaintiff failed to demonstrate a likelihood of success on the merits.

4. On or about January 30, 2010, Plaintiff served Wells with Requests for Production of Documents.

5. Wells Fargo filed a Motion to Dismiss the action herein on February 9, 2010.

6. Plaintiff filed an Opposition to Wells Motion to Dismiss on February 15, 2010.

7. On or about February 17, 2010, Wells responded to Plaintiff indicating Wells would not produce the documents requested on the basis that there was a pending Motion to Dismiss which could dispose of the case. Further, Wells indicated that it was not required to produce the original Note executed by the Plaintiff. Wells indicated they had already provided Plaintiff with copies of notices of sale sent to Plaintiff and finally objected to the third request for any communications regarding loss mitigation as irrelevant to the claims alleged.

8. On or about February 19, 2010, the Parties filed a Joint Stipulation with the Court and indicated that Plaintiff had served Requests for Production of Documents on Wells on January 29, 2010 but that Defendant requested that further Discovery be deferred until after the disposition of the pending Motion to Dismiss. The Parties agreed to submit the question to the court at the Pretrial Conference scheduled for March 10, 2010.

9. A hearing on Wells Motion to Dismiss was held on March 10, 2010 and the Court took the matter under advisement and ordered Wells to file a Supplemental Memorandum of Law on or before April 2, 2010 and ordered Plaintiff to file a Reply on or before May 4, 2010. The Parties did not address deferring discovery with the court as anticipated.

10. On or about March 11, 2010, Plaintiff filed her Motion to Compel Discovery Response.

11. Request 1 seeks the production of the Original Note. In response, Defendant states that it has provided counsel with a true copy of the Note and that the Original Note is available for copying and inspection at Document Custodian: US Bank Trust National, Attn: Steve Garrett, 1719 Range Way, Florence SC 29601.

12. Request 2 seeks all communications concerning foreclosure or intended foreclosure sent to Carmen Bailey from January 1, 2008 to December 31, 2009. In response, Defendant states that it has produced all of the Notices of Foreclosure Sale and Notices of Intention to Foreclose Mortgage and of Deficiency after Foreclosure of Mortgage sent to Plaintiff on September 22, 2009 with corresponding tracking information.

13. Request 3 seeks communications concerning loan modifications sent to Carmen Bailey from January 1, 2008 to December 31, 2009. In response, Defendant states that it will agree to produce these documents.

On this procedural history, Wells objects to Plaintiff's Motion to Compel Discovery Response. Wherefore, Defendant requests that the Motion To Compel be denied. Wells also objects to Plaintiff's request that the Court award Plaintiff her

reasonable attorney fees for bringing the motion pursuant to Fed. R. Civ. P. 37(a)(5).

      Respectfully submitted,
     **WELLS FARGO BANK, NA**
     By its attorney,

     <u>/s/ Christine A. Murphy</u>
     Christine A. Murphy, Esq.
     BBO # 643334
     HARMON LAW OFFICES, P.C.
     P.O. Box 610389
     Newton Highlands, MA  02461-0389
     (617) 558-0500

DATED:  March 17, 2010

                              Document      Page 5 of 6

## **CERTIFICATE OF SERVICE**

      I, Christine A. Murphy, state that on March 17, 2010, I served the foregoing Objection to Plaintiff's Motion to Compel Discovery Response and Certificate of Service on behalf of Defendant, Wells Fargo Bank, NA via first class mail to the following:

Michael J. Tremblay
277 Main Street
Marlborough, MA 01752

                                                  /s/ Christine A. Murphy
                                                  Christine A. Murphy, Esquire

March 17, 2010