UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>   CARMEN BAILEY<br><br>      Debtor | Chapter 13<br><br>Case No. 09-44760-HJB |
| CARMEN BAILEY<br>      Plaintiff<br>vs.<br><br>WELLS FARGO BANK, NA<br>      Defendant | Adversary Proceeding No.<br>09-AP-04190 |

**PLAINTIFF'S REPLY MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

NOW COMES THE PLAINTIFF and submits this Reply Memorandum in Opposition to the Memorandum in Support of its Motion to Dismiss by Wells Fargo Bank, NA.

## I.  FACTS

In May, 1984 Plaintiff and her former husband purchased the subject condominium on Brigham Street in Hudson.  In February, 1992 Plaintiff purchased the interest of her former husband pursuant to a divorce.  To finance the buy-out of her former husband, Plaintiff obtained a mortgage loan from Shawmut Mortgage Company and signed a promissory note for $104,000.00.   See Exhibit A to Complaint.  On October 23, 2009, Defendant, Wells Fargo Bank, NA conducted a foreclosure sale purportedly conveying title to the premises.  Plaintiff challenges the validity of that foreclosure sale on two grounds: first, because recorded instruments at the Registry of Deeds do not establish that Wells Fargo Bank, NA ("Wells Fargo") was the holder of the mortgage on the date of the alleged sale; and second, because the Plaintiff did not receive adequate notice of the impending sale.

Between the time Plaintiff granted the mortgage to Shawmut Mortgage Company in 1992 and the alleged foreclosure sale conducted by Wells Fargo Bank, NA in 2009, only one instrument was indexed

under Plaintiff's name at the relevant (Middlesex South District) Registry of Deeds relating to the subject

mortgage:  an Assignment dated March 22, 2007 purportedly assigning the mortgage as follows:

> "Washington Mutual Bank f/k/a Washington Mutual Bank, FA
> successor  by merger to Washington Mutual Home Loans, Inc.,
> successor by merger to Fleet Mortgage Corp. . . . [assigns to] . . .
> Wells Fargo Bank, NA."

See Exhibit B to Complaint.[1]

The Assignment immediately presents a facially apparent defect in the chain of title because

nowhere in that assignment does the Assignor indicate how the mortgage got from Shawmut to any of

the other aforesaid entities.  However, more importantly, contrary to the facts asserted in the Assignment,

Washington Mutual Home Loans, Inc. **did not** merge with Washington Mutual Bank, FA.  Instead,

records of the Secretary of State of Ohio establish unquestionably that Washington Mutual Home Loans,

Inc. "merged out of existence" into WMHLI Transfer Interim Limited Partnership on February 27, 2002,

and WMHLI Transfer Interim Limited Partnership was then dissolved several days later on March 1,

2002.  See Exhibit C to Complaint.

At the risk of being overly simplistic, the following chart helps to understand how the chain of

title travels in this case, and how the recorded instruments (and more importantly, the events for which

there is no recorded evidence) affect that chain:

> **Chain of title as asserted by instruments recorded at
> Registry of Deeds and indexed under Plaintiff's name:**

---

[1] An odd assignment of the mortgage from Fleet Mortgage Corp. "successor by merger to Shawmut Mortgage Company" to Fleet Mortgage Corp. dated May 31, 1996 but notarized almost a year later on February 19, 1997 was recorded three years after the fact on April 27, 1999 at Book 30091 Page 399, but as can be shown from the title index from the Middlesex S.D. Registry of Deeds in the appendix to this memorandum, it was not indexed under Carmen Bailey's name, but was merely noted as a "marginal reference" to the original mortgage.  The recording of this assignment, even though not indexed, might clear up the break in the chain of title from Shawmut to Fleet, but the irregularity in the dates of execution and late recordation cast suspicion a prudent title examiner could not ignore.  See Exhibit A attached, list of instruments indexed to Plaintiff.



2/24/92 Debtor grants mortgage to Shawmut Mortgage Company, a Connecticut Corporation

3/22/07 assignment provides no evidence of assignment or corporate succession to Fleet Mortgage Corp. (a South Carolina Corporation), but presumes it happened

3/22/07 assignment asserts that Fleet Mortgage Corp. merged into Washington Mutual Home Loans, Inc.

3/22/07 assignment asserts that Washington Mutual Home Loans, Inc. merged into Washington Mutual Bank, FA

3/22/07 Washington Mutual Bank, FA changed its name to Washington Mutual Bank

3/22/07 Washington Mutual Bank assigns mortgage to Wells Fargo Bank, NA

8/26/09 Wells Fargo Bank, NA files Complaint in Land Court asserting it is holder of mortgage, seeking authority to foreclose

In fact, however, records of the South Carolina, Connecticut, and Ohio Secretaries of State demonstrate that these asserted events did not all actually take place. The following chart summarizes what did, in fact, take place:

5/31/96 Connecticut Secretary of State records show Shawmut Mortgage Company merges with "Foreign Unauthorized Business" (presumably Fleet Mortgage Corp. of South Carolina). South Carolina index confirms.

8/4/01 Fleet Mortgage Corporation, a South Carolina corporation, merges into Washington Mutual Home Loans, Inc., an Ohio corporation. Records of both states confirm.

| 3/1/02 Washington Mutual Home Loans, Inc. merges out of existence into WMHLI Transfer Interim LP, filed with Ohio Secretary of State |
|---|

| 3/1/02 WMHLI Transfer Interim LP dissolves by filing certificate with Ohio Secretary of State |
|---|

| No recorded evidence at the Registry of Deeds or available at the Ohio Secretary of State shows any transfer, assignment or succession to Washington Mutual Bank |
|---|

In an effort to bridge the gaps between Shawmut and Fleet and between Washington Mutual Home Loans, Inc. and Washington Mutual Bank, Defendant has offered three pieces of evidence which were never recorded at the Registry of Deeds:  (1) the un-indexed assignment from Fleet to Fleet executed in 1996, notarized in 1997 and recorded in 1999; (2) a "Secretary's Certificate" of  Washington Mutual Bank, FA; and  (3) an Order from the Massachusetts Land Court.  The latter two documents appear to establish the fact that Washington Mutual Bank became the successor to Washington Mutual Home Loans, Inc. by virtue of a four-step series of transactions as follows:

Step One:

On February 7, 2002 Washington Mutual Bank, FA and its wholly-owned subsidiary Washington Mutual Mortgage Securities Corp. formed WMHLI Transfer Limited Partnership in Ohio with Washington Mutual Bank, FA being the sole General partner, and Washington Mutual Mortgage Securities Corp. the sole Limited Partner;

 Step Two:

On February 27, 2002 Washington Mutual Home Loans, Inc. merged into WMHLI Transfer Interim Limited Partnership such that WMHLI Transfer Interim Limited Partnership was the surviving entity and Washington Mutual Home Loans, Inc. was merged out of existence.

Step Three:

On an undisclosed date after the above two events, Washington Mutual Bank purchased the interest of Washington Mutual Mortgage Securities Corp. in the Limited Partnership.

Step Four:

Lacking at least two partners, WMHLI Transfer Interim Limited Partnership was then dissolved by law (Ohio Rev. L. §1782.10) and a certificate of cancellation was filed on March 1, 2002. See Exhibits E and F to Defendant's Memorandum in Support of Motion to Dismiss (Docket No. 27).

Defendant produces underlying documents to substantiate its claim that Wells Fargo Bank, NA was properly the assignee of the mortgage on the date of the alleged foreclosure. It misses the point, however, that these documents were never recorded at the Registry of Deeds or available to a prudent title examiner at the time, and thus, Wells Fargo Bank NA's title was not "clear, record and marketable" at the time.

Defendant has also refused to produce the actual Promissory Note for inspection to ascertain whether or not the Note was properly endorsed to the Defendant under the Uniform Commercial Code. In light of the irregularities of the assignment process in this case, and the lack of factual evidence being recorded to establish clear and marketable title, there is more than mere suspicion that the Note has also not been properly endorsed.

Finally, defendant has not addressed the fact that Plaintiff did not actually receive notice of the foreclosure before October 23, 2009. Her verified Complaint details that the Certified Mail notices were never inserted into her mailbox, but instead left on the ground outside a door she rarely uses only to be found among the leaves weeks after the fact. She has since learned that at that time, certified letters in Hudson were not delivered by the regular route carriers, but by a special carrier who did not have the key to the "gang" mailbox in the condominium common mailbox complex. As a result, the notice was left on her front steps where it blew away and collected among the leaves. Although the postal receipt says it

was "delivered," it was not in fact left in her ordinary mail receptacle, and she did not, in fact, get actual notice of the intended foreclosure sale.

## I. ARGUMENT

**1.    The record title was insufficient to demonstrate that Wells Fargo Bank, NA was the holder of the mortgage on the date of the alleged foreclosure.**

Although Defendant admirably supplements the filings at the Registry of Deeds with additional unrecorded documents which, it claims, demonstrates that Wells Fargo Bank, NA was the holder of the mortgage, it misses the point.  The fact that those documents exist and can be produced does not solve its problem.  In fact, it highlights the problem.  The state of the title at the Registry of Deeds on the date of the purported foreclosure sale should have been sufficient to prove that fact to a prudent title examiner.  And it was not.

**(a) Instruments affecting the status of foreign corporations and entities must be recorded in the Registry of Deeds unless the entity is registered to do business in Massachusetts.**

Defendant relies on several statutes and Title Practice Standards of the Real Estate Bar Association (formerly Massachusetts Conveyancer's Association) but misreads those provisions.  A careful reading of those standards requires that evidence of mergers, name changes, etc. of foreign corporations is not required so long as the corporation or partnership is qualified to do business in the Commonwealth, i.e., registered with the Secretary of State to do business in Massachusetts.

Shawmut Mortgage Company was properly registered in Massachusetts until 1996.  Fleet Mortgage Corp. was registered until 2005 when it withdrew.  Therefore, their instruments, signed by an appropriate officer under the statute (i.e., Vice President) are acceptable proof of the matters asserted therein.  However, Washington Mutual Home Loans, Inc. and WMHLI Transfer Interim Limited

Partnership were never registered in Massachusetts.[2]  See Exhibit B attached.  Their instruments do not

enjoy automatic presumption of authority or validity nor presumptive proof of the matters asserted.

The central requirement of evidence of authority being recorded in the local registry of deeds is to

make the status of the title apparent from the records available to a title examiner.  When transactions

occur out of state, a title examiner is not requires to travel far and wide to ascertain authority of an entity.

An assignment of mortgage conveys legal title in the property to the assignee.  J. Stein, Real Estate

Title Practice in Massachusetts, § 2.7.5, (2003 Massachusetts Continuing Legal Education, Inc.).  Thus, an

assignment, to be effective, must comport with all the requirements of a deed for conveyance.

Instruments of conveyance from corporations and partnerships have unique requirements in

Massachusetts to document clear and marketable title, especially with respect to mergers, name changes

and validity of status.  Clear evidence of mergers and name changes must be recorded in the Registry

where the affected land lies.

> "It may be particularly difficult in the case of out-of-state corporations to
> account for mergers or name changes.  A requirement for votes to approve
> them seems to be unique to Massachusetts, and a caller may be met with
> dead air on the telephone when requesting information about a vote or
> change of name.  Closing without this documentation may become a serious
> problem in the future when the next conveyancer in the chain of title refuses
> to close without the vote documentation.  It will not be easier in the future
> to obtain this information from a corporation or bank that in the interim
> may have gone out of business.  Several of the registries of deeds,
> particularly Middlesex South and Norfolk, have good vote indexes, which
> can be checked quickly.  It is possible to obtain a certified copy of the vote
> from one registry to record in another.  In the case of registered land,
> closing documents will not be accepted for filing without proper
> documentation concerning corporate changes of name and certificate of
> authority. See also Mass. Conveyancers Ass'n Title Standards Nos. 11, 12, 17.
> For example, a merger or change of name must be documented by a separate
> instrument to be recorded."

Id. at § 2.41.  Similarly, those entities must be checked for other conditions which affect the title to real

estate it might hold:  filing of bankruptcy, appointment of receiver, conservator, tax liens, name changes,

---

[2] Washington Mutual Bank, FA and Washington Mutual Bank, NA as entities formed and controlled by the federal agencies
(Office of Thrift Supervision for federal savings and loan associations, and Office of the Comptroller of the Currency for
National Banks), are exempt from registration.

etc.  Id. at § 2.38.1; § 2.38.2.  **Failing to record evidence from the state of incorporation in the local registry of deeds creates a break in the chain of title rendering it unclear and unmarketable, and title examiners are cautioned not to allow transactions occurring out of state to affect the title without recorded evidence:**

> "PROOF OF TITLE.  Certain breaks in the record chain of title can easily be cured. When a corporate record title holder has merged or changed its name and subsequently executes a deed using its new name, the certificate of name change or certificate of merger issued by the secretary of state of the state of incorporation should be recorded to "repair" the break in the chain."

Id. at § 19.2

Massachusetts Land Court title guidelines governing the acceptability of instruments for recordation in the case of registered land make it abundantly clear that mergers of foreign corporations and partnerships require registration with the Massachusetts Secretary of State and a "long form" certificate of compliance from the Massachusetts Secretary of State.  Massachusetts Land Court Guidelines, Nos. 32 and 33. (reprinted in **Real Estate Title Practice in Massachusetts, (2003 Massachusetts Continuing Legal Education, Inc.).**  "As to a foreign limited partnership organized in any of the other 49 states, if it is not registered with our Secretary of State you may accept an original certificate (not over 60 days old) of legal existence from the Secretary of State of the jurisdiction in which the foreign limited partnership is organized, stating the name of the foreign limited partnership, the names of its general partners and the fact that the foreign limited partnership has not filed a Certificate of Cancellation."

**Defendant's contrary assertions in its brief that the title can be supplemented by "off-record" instruments and late-recorded assignments appears to based on antiquated title standards and cases overruled by modern cases concerned with consumer rights issues.  Anything less than impeccable title creates** "the likely chilling of other bids due to the [lender's] inability at the time of sale to show (by proof of a valid mortgage assignment) their legal capacity to convey title and the consequent damage

to the borrower)." <u>U.S. Bank National Association as trustee for the Structured Asset Securities</u> <u>Corporation Mortgage Pass-Through Certificates, Series 2006-Z v. Ibanez</u>, Mass. Land Court No. 08-Misc-384283-KCL, Memorandum And Order On The Plaintiffs' Motions To Vacate Judgment, October 14, 2009 (and consolidated case <u>Wells Fargo Bank, NA as trustee for ABFC 2005-OPT1 Trust, ABFC Asset</u> <u>Backed Certificates Series 2005-OPT1 v. Larace</u>, No. 08-Misc-386755-KCL.).

For these reasons, Wells Fargo's status as the holder of the mortgage in question on the date of the purported foreclosure sale was not shown by validly recorded evidence and thus defective.

**(b) Washington Mutual Bank, FA was not, in fact, a "successor by merger" to Washington Mutual Home Loans, Inc. as alleged in the assignment.**

Putting aside the issue, *supra*, that a prudent title examiner could never have ascertained the chain of title passing from Washington Mutual Home Loans, Inc. to Washington Mutual Bank, FA from the records available at the Middlesex Registry of Deeds; or the Massachusetts Secretary of State because Washington Mutual Home Loans, Inc. was never registered to do business in Massachusetts, and no certificates of merger were ever recorded in Middlesex County, the bigger problem for Defendant is that there does not appear to have been any corporate succession, but in fact, an <u>purchase</u> <u>of assets</u> which requires a recorded instrument conveying title.

From the documents supplied by Defendant, Washington Mutual Home Loans, Inc. merged into a limited partnership (WMHLI Transfer Interim Limited Partnership) in the state of Ohio in 2002. Washington Mutual Bank, FA was the sole general partner and Washington Mutual Mortgage Securities Corp. was the sole limited partner. At some point, Washington Mutual Bank, FA (the general partner) acquired the interest of Washington Mutual Mortgage Securities Corp. (the limited partner) in the partnership, thereby effectuating a dissolution of the partnership by law (dissolution occurs "at any other time there are no limited partners" Ohio Rev. L. §1782.10). <u>There is no public</u> <u>record and no recorded evidence of this event.</u> All a prudent examiner could ascertain was that Washington Mutual Home Loans, Inc. merged into WMHLI Transfer Interim Limited Partnership and

that it was dissolved four days later.  There is no hint of a conveyance of the assets of WMHLI

Transfer Interim Limited Partnership to the sole surviving general partner, and no statute or title

standard that presumes that to have happened (especially to a title examiner in Cambridge,

Massachusetts).

Defendant presumes that the dissolution of the partnership automatically vested the assets of

the partnership in the last surviving partner.  However, limited partnerships do not operate as general

partnerships do upon dissolution.  Limited partnership interest are considered personal property under

the Uniform Limited Partnership Act in effect in Ohio and Massachusetts, G.L.c. 109, § 18, and Ohio

Rev. L. §1782.39.  The sale or transfer of a Limited Partnership interest is treated as a sale of

securities. Bonin v. Chestnut Hill Towers Realty Co., 14 Mass. App. Ct. 63, 72 (1982).  Therefore,

Washington Mutual Bank, FA did not automatically succeed to the assets of the limited partnership

upon acquisition of the last Limited Partner standing.  The succession of the partnership's assets

required a conveyance, i.e., an assignment, from the partnership to Washington Mutual Bank, FA to

effectuate the transfer.  This was not done.  Nominal title was in Washington Mutual Home Loans, Inc.

when it merged into the limited partnership, which then dissolved.

It is important to keep in mind that this was an asset of a Limited Partnership, not a General

Partnership.  Under the Uniform Partnership Act (in effect in both Massachusetts and Ohio at all

relevant times), "[a] partner is co-owner with his partners of specific partnership property *holding as a*

*tenant in partnership*." Fusco v. Rocky Mountain i Investments Ltd., 42 Mass. App. Ct. 441, 447

(1997) (emphasis added).  Upon the dissolution of a general partnership, title devolves automatically to

the individual partners without necessity of an assignment of evidence of transfer.  "A limited

partnership is markedly different.  All the general partners, as we have noted, are personally liable for

the debts of the limited partnership, but all the general partners do not own all the proprietary interests

in the limited partnership. Typically, a majority interest is owned by the limited partners.  The

underpinning for the common law rule - that all the general partners in a general partnership together

own all the assets as "tenants in partnership" - is absent in the case of a limited partnership . . ." Id.
Thus, there must be an assignment of the partnership's assets upon dissolution of a Limited
Partnership, and it cannot be presumed that the last general partner "inherited" the partnership assets.

The fact that the Defendant's alleged predecessors in title found it necessary to commence a
Land Court action in 2002 to declare succession of title from Washington Mutual Home Loans, Inc. to
Washington Mutual Bank, FA demonstrates the inadequacy of the public records to establish clear
title. See Exhibit F to the Motion to Dismiss. The Land Court has no effect on Plaintiff's title because
it appears to have been recorded in only Plymouth and Norfolk counties, but not in Middlesex. This
fact alone virtually admits that prudent title examiners in those counties demanded corrective evidence
be recorded before passing on the quality of title of Washington Mutual Home Loans, Inc. instruments,
and thus the state of title in Middlesex was defective.

As Judge Long in the Land Court (See Ibanez, *supra*) and Judge Rosenthal in the Bankruptcy
Court have noted, M.G.L. 244 §14 permits only the "holder" of the mortgage have authority to
foreclose, and title must be impeccably evident in the holder before a foreclosure, or else willing
buyers are deterred by the deficient quality of title. See *In re Sima Schwartz*, U.S. Bankr. Ct., D.
Mass., Chap. 7 Case No. 06-42476-JBR, Memorandum of Decision on Motion for Relief at 7 (Apr. 19,
2007).

**2.      The Plaintiff did not receive adequate notice of foreclosure.**

The Verified Complaint demonstrates the Debtor never received notice of the intended
foreclosure sale. The Motion to Dismiss confirms that, showing that certified mail notices were
"unclaimed." In fact, Debtor's mail is delivered to a common or "gang" mailbox station at the
entrance to the condominium complex. However, certified letters are not delivered by the regular
route carrier, but by a specially dispatched carrier who does not have the key to the gang mailboxes.
When the letter carrier did not find the addressee at home, he or she cannot leave the salmon-colored
notice card in the addressee's mailbox, but must leave it near the addressee's door. There is no

mailbox or other receptacle for mail delivery at debtor's door, and debtor is not accustomed to looking

for mail there.  In fact, she enters her home from the garage and never uses the front door.  As the

verified complaint explains, she found the salmon-colored card among a pile of leaves in the yard days

after the purported foreclosure sale, and received no other notice by regular first class mail.

As Judge Long in the Land Court (See <u>Ibanez</u>, supra) and Judge Rosenthal in the Bankruptcy

Court (See <u>*In re Sima Schwartz*</u>, supra) have both noted and emphasized, M.G.L. 244 §14 requires

adequate statutory notice to the debtor or the foreclosure effort is a nullity, not to mention a violation

of due process rights.

**3.      The epidemic of sloppy mortgage record keeping by lenders compels the court to exercise an extra level of scrutiny.**

Wells Fargo Bank, NA has been the celebrated center of attention in numerous reported cases of

deficient mortgage recordkeeping.  In <u>Wells Fargo Bank, NA v. Byrd</u>, 178 Ohio App. 3d 285 (2008).

Wells Fargo attempted to foreclose a mortgage nominally held by WMC Mortgage Corp.  The Ohio

court applied Rule 17 of its rules of civil procedure finding it was not a party in interest.

In New York, a trial court awarded $155,092 in damages to a homeowner for Wells Fargo's

wrongful trespass in attempting a foreclosure for which there had been no proper assignment of title.

<u>Wells Fargo v. Tyson</u>, Supreme Court of Suffolk County, NY, no. 2007-28042 (March 5, 2010).

The most alarming example comes from Florida where an employee of a large foreclosure law

firm, Cheryl Sammons, admitted in deposition testimony that she routinely notarized back-dated

assignments without reviewing them, and without appearance of the signer, or knowledge or evidence of

office or authority, an average of two hours a day, sometimes on weekends, in order to generate the

required documentation to process those mortgages toward foreclosure.  She specifically admitted to

notarizing back-dated instruments to clear up title to mortgages held by Wells Fargo, and in particular,

Wells Fargo Home Loans, Inc.  <u>Deutsche Bank National Trust Company v. Belourdes Pierre</u>, No. 50-

2008-CA-028558, 15th Judicial Circuit Court, Florida (reprinted at:  <u>http://mattweidnerlaw.com/blog/wp-</u>

content/uploads/2010/02/Sammonsdepo.pdf).  Most disturbingly, she was specifically authorized by a written agreement to execute assignments in her name on behalf of Wells Fargo (and its related entities) to other entities and to MERS even though she had no actual corporate position with Wells Fargo and had no knowledge of the circumstances of the assignment.  See id., in particular pp. 45-48, pp. 69-76.

A 2008 study conducted by the University of Iowa College of Law and funded by the National Conference of Bankruptcy Judge's Endowment for Education documented widespread abuse of consumers by foreclosing lenders.  K. Porter, Misbehavior and Mistake in Bankruptcy Mortgage Claims, 87 Texas L. Rev. 1 (2008).  Wells Fargo was cited as a principal offender.  Id. at 11 & n. 60.  The authors concluded that in light of the rapid maturation of the securitized mortgage market, the lack of rigorous enforcement of bankruptcy claims procedures has contributed to a climate of lender abuse which has cost consumers millions of dollars and benefited careless lenders and encouraged sloppy recordkeeping. Moreover, the careless accounting of assignments and other recordkeeping contributes to the opposite results the bankruptcy laws were designed to accomplish: assisting homeowners in preserving their homes and fair assessment and payment of claims.  One of the largest failures in the system, the authors found, was the failure of lenders to submit copies of the actual promissory notes with claims or motions for relief; and the failure of Trustees, Judges and Debtor's counsel to scrutinize them, even though most districts have local rules requiring their production.  A large empirical study determined that one in five foreclosures failed to comply with notice procedures or disclosure rules in the Promissory Notes, but went unchecked.

Having shown demonstrable failure of Wells Fargo to prove clear title from the state of the record at the Middlesex Registry of Deeds, it is incumbent on the court to carefully scrutinize Wells Fargo's claim of title, conduct an evidentiary hearing, and reject  its claim unless its claim to title was irrefutable on the date of the foreclosure.

**4.    Plaintiff's Complaint withstands the scrutiny of a Motion to Dismiss under the 12(b)(6) standard.**

In considering a motion to dismiss under Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rule of Civil Procedure 12(b)(6), the court must accept all of the plaintiffs' properly pleaded facts as true. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir. 2005). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the rule does not require detailed factual allegations, the magnitude of the factual allegations pleaded must be more than a "formulaic recitation of the elements of a cause of action" or mere "labels and conclusions." Bell Atl. Corp., *supra* at 555. The purpose of Rule 12(b)(6) is to streamline litigation by dispensing with needless discovery and fact finding; but the drastic remedy of dismissal is reserved only for cases where the complaint truly fails to measure up to the standard demonstrating the right to relief above mere speculation. Id. Allegations in the complaint must be assumed to be true, even if doubtful in fact. A complaint should not be dismissed unless 'it appears *beyond doubt* that the plaintiff can prove no set of facts in support of [her] claim which would entitled [her] to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The case law in Massachusetts makes it clear that a party challenging a foreclosure does not need to prove the negative (i.e., that some other entity held legal title); but that the burden of proof is always upon the purported mortgage holder to demonstrate actual "clear, record and marketable" evidence of title of both the note and mortgage. See U.S. Bank National Association as trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-Z v. Ibanez, Mass. Land Court No. 08-Misc-384283-KCL, Memorandum And Order On The Plaintiffs' Motions To Vacate Judgment, October 14, 2009 (and consolidated case Wells Fargo Bank, NA as trustee for ABFC 2005-OPT1 Trust, ABFC Asset Backed Certificates Series 2005-OPT1 v. Larace, No. 08-Misc-386755-KCL.).

Plaintiff's complaint goes far beyond what is required.  First of all, it is verified, and under oath.

Secondly, it has attached numerous documents confirming the defective state of the recorded title.

### III.  CONCLUSION

For the foregoing reasons, the Motion to Dismiss should be denied.

Dated:  May 4, 2010

CARMEN BAILEY
BY HER ATTORNEY:


_____/s/ Michael J. Tremblay_____
MICHAEL J. TREMBLAY,   BBO 502133
277 Main St.
Marlborough, MA 01752
Tel. 508-485-4500
Fax. 508-449-3969
Email:  attorney@tremblay.com

# Exhibit A

Welcome to South Middlesex County Registry of Deeds                    http://www.masslandrecords.com/malr/controller;jsessionid=93653...

<%-- HTML header --%>

# Registry of Deeds

## William Francis Galvin, Secretary of the Commonwealth
## Middlesex South - Eugene C. Brune, Register

Home | Search | Index | Feedback | Contact

Registry Home    |    Select Another Registry    |    Registry of Deeds Search    |    Contact Us    |    Help    |    F.A.Q

**CLICK HERE to try the new trial version of the Massachusetts Land Records web site!**

**The above link is made available to allow testing of the new Massachusetts Land Records web site. If you prefer to use the existing Massachusetts Land Records web site, you may disregard this trial version link and begin your search below.**

← Back

| Result For: | | Result Matches:[1 - 4 of 4] |
|---|---|---|
| Name: bailey | Dates: 01/02/1974 To 05/04/2010 | |
| Role: Any | Town: Any | Document Type: Any |

| Name | Count |
|---|---|
| BAILEY CARMEN &AL | 1 |
| BAILEY CARMEN M | 5 |
| BAILEY CARMEN M &AL | 3 |
| BAILEY CARMEN N | 3 |

For best results use Internet Explorer 5 and above or Netscape 6 and above.

Welcome to South Middlesex County Registry of Deeds                    http://www.masslandrecords.com/malr/controller?commandflag=sea...

<%-- HTML header --%>

# Registry of Deeds

## William Francis Galvin, Secretary of the Commonwealth
## Middlesex South - Eugene C. Brune, Register

Home | Search | Index | Feedback | Contact

| Registry Home | | Select Another Registry | | Registry of Deeds Search | | Contact Us | Help | F.A.Q |

**CLICK HERE to try the new trial version of the Massachusetts Land Records web site!**

**The above link is made available to allow testing of the new Massachusetts Land Records web site. If you prefer to use the existing Massachusetts Land Records web site, you may disregard this trial version link and begin your search below.**

⬅ Back

**Result For:**

| | | | |
|---|---|---|---|
| Name: | bailey | Dates: 01/02/1974 To 05/04/2010 | Result Matches:[1 - 1 of 1] |
| Role: | Any | Town: Any | Document Type: Any |



| Name | File Date | Book/Page | Type Desc. | Town | # Pgs. | Number |
|---|---|---|---|---|---|---|
| ▶ BAILEY CARMEN &AL | 02/28/1992 | 21800 / 167 | CERTIFICATE OF MUNICIPAL LIEN | HUDSON | 1 | 877 |

For best results use Internet Explorer 5 and above or Netscape 6 and above.

Welcome to South Middlesex County Registry of Deeds                    http://www.masslandrecords.com/malr/controller?commandflag=sea...

<%-- HTML header --%>

# Registry of Deeds

## William Francis Galvin, Secretary of the Commonwealth
## Middlesex South - Eugene C. Brune, Register

Home | Search | Index | Feedback | Contact

Registry Home    |    Select Another Registry    |    Registry of Deeds Search    |    Contact Us    |    Help    |    F.A.Q

**CLICK HERE to try the new trial version of the Massachusetts Land Records web site!**

**The above link is made available to allow testing of the new Massachusetts Land Records web site. If you prefer to use the existing Massachusetts Land Records web site, you may disregard this trial version link and begin your search below.**

⬅ Back

**Result For:**

| Name: | bailey | Dates: | 01/02/1974 To 05/04/2010 | | | |
|---|---|---|---|---|---|---|
| Role: | Any | Town: | Any | Document Type: | Any | |

Result Matches:[1 - 5 of 5]

| Name | File Date | Book/Page | Type Desc. | Town | # Pgs. | Number |
|---|---|---|---|---|---|---|
| BAILEY CARMEN M | 09/25/2009 | 53584 / 270 | ORDER OF NOTICE | HUDSON | 1 | 188077 |
| BAILEY CARMEN M | 04/10/2007 | 49268 / 390 | ASSIGNMENT | NONE | 1 | 64297 |
| BAILEY CARMEN M | 12/23/1996 | 26929 / 174 | DECLARATION OF HOMESTEAD | HUDSON | 2 | 590 |
| BAILEY CARMEN M | 02/28/1992 | 21800 / 168 | DEED | HUDSON | 2 | 878 |
| BAILEY CARMEN M | 02/28/1992 | 21800 / 170 | MORTGAGE | HUDSON | 8 | 879 |

For best results use Internet Explorer 5 and above or Netscape 6 and above.

Welcome to South Middlesex County Registry of Deeds                    http://www.masslandrecords.com/malr/controller?commandflag=sea...

<%-- HTML header --%>

# Registry of Deeds

## William Francis Galvin, Secretary of the Commonwealth
## Middlesex South - Eugene C. Brune, Register

Home | Search | Index | Feedback | Contact

Registry Home    |    Select Another Registry    |    Registry of Deeds Search    |    Contact Us    |    Help    |    F.A.Q

**CLICK HERE to try the new trial version of the Massachusetts Land Records web site!**

**The above link is made available to allow testing of the new Massachusetts Land Records web site. If you prefer to use the existing Massachusetts Land Records web site, you may disregard this trial version link and begin your search below.**

⬅ Back

| Result For: | | | | | | | |
|---|---|---|---|---|---|---|---|
| Name: bailey | Dates: 01/02/1974 To 05/04/2010 | | | | Result Matches:[1 - 3 of 3] | | |
| Role: Any | Town: Any | | Document Type: Any | | | | |

| Name | File Date | Book/Page | Type Desc. | Town | # Pgs. | Number |
|---|---|---|---|---|---|---|
| ▶ BAILEY CARMEN M &AL | 02/28/1992 | 21800 / 165 | WAIVER | HUDSON | 1 | 875 |
| ▶ BAILEY CARMEN M &AL | 02/28/1992 | 21800 / 168 | DEED | HUDSON | 2 | 878 |
| ▶ BAILEY CARMEN M &AL | 07/20/1984 | 15693 / 119 | MORTGAGE | HUDSON | 8 | 61073630 |

For best results use Internet Explorer 5 and above or Netscape 6 and above.

Welcome to South Middlesex County Registry of Deeds        http://www.masslandrecords.com/malr/controller?commandflag=sea...

<%-- HTML header --%>

# Registry of Deeds
## William Francis Galvin, Secretary of the Commonwealth
## Middlesex South - Eugene C. Brune, Register

Home | Search | Index | Feedback | Contact

Registry Home    |    Select Another Registry    |    Registry of Deeds Search    |    Contact Us    |    Help    |    F.A.Q

**CLICK HERE to try the new trial version of the Massachusetts Land Records web site!**

**The above link is made available to allow testing of the new Massachusetts Land Records web site. If you prefer to use the existing Massachusetts Land Records web site, you may disregard this trial version link and begin your search below.**

← Back

Result Matches:[1 - 3 of 3]

**Result For:**
Name: bailey    Dates: 01/02/1974 To 05/04/2010
Role: Any    Town: Any    Document Type: Any

| Name | File Date | Book/Page | Type Desc. | Town | # Pgs. | Number |
|------|-----------|-----------|-----------|------|--------|--------|
| BAILEY CARMEN N | 05/04/2009 | 52695 / 176 | NOTICE OF FEDERAL TAX LIEN | NONE | 1 | 76815 |
| BAILEY CARMEN N | 05/22/2006 | 47484 / 146 | DISCHARGE MASS TAX LIEN | NONE | 1 | 91770 |
| BAILEY CARMEN N | 06/02/2005 | 45307 / 37 | NOTICE OF MASS TAX LIEN | NONE | 1 | 112180 |

For best results use Internet Explorer 5 and above or Netscape 6 and above.

Welcome to South Middlesex County Registry of Deeds                    http://www.masslandrecords.com/malr/controller?commandflag=get...

<%-- HTML header --%>

# Registry of Deeds
## William Francis Galvin, Secretary of the Commonwealth
## Middlesex South - Eugene C. Brune, Register

Home | Search | Index | Feedback | Contact

Registry Home    |    Select Another Registry    |    Registry of Deeds Search    |    Contact Us    |    Help    |    F.A.Q

**CLICK HERE to try the new trial version of the Massachusetts Land Records web site!**

**The above link is made available to allow testing of the new Massachusetts Land Records web site. If you prefer to use the existing Massachusetts Land Records web site, you may disregard this trial version link and begin your search below.**

← Back

| Town: HUDSON | | | | | | | |
|---|---|---|---|---|---|---|---|
| Number | File Date | Type Desc. | # Pgs. | Cert No | Book/Volume/Page | Court Case No | Consideration |
| 879 | 02/28/1992 | MORTGAGE | 8 | | OR /21800/170 | | 104,000.00 |

| Street# | Street Name | Description |
|---|---|---|
| 111 | BRIGHAM | UNIT 2 BLG 4 |

| | |
|---|---|
| Grantor | BAILEY CARMEN M |
| Grantee | SHAWMUT MORTGAGE COMPANY |
| Marginal Reference Documents | 30091/399 1999 ASSIGNMENT<br>49268/390 2007 ASSIGNMENT<br>53584/270 2009 ORDER OF NOTICE |

Document is Verified/Certified

🔍 Quick Document Viewer    Click here for Printing Instructions.
🔍 High Quality Document Viewer    (Requires TIFF Plug-In)  Click here for Instructions.
❌ Download the Document Pages    (Requires TIFF Viewer)  Click Here for Instructions.

For best results use Internet Explorer 5 and above or Netscape 6 and above.

Home | Search | Index | Feedback | Contact

©1996-2003 Secretary of the Commonwealth of Massachusetts. The documents provided in this web site are for informational purposes only. To obtain an official copy of any free document or publication, please contact the Secretary of the Commonwealth of Massachusetts, District Registry of Deeds.

# Exhibit B

The Commonwealth of Massachusetts William Francis Galvin - Publi...    http://corp.sec.state.ma.us/corp/corpsearch/CorpSearchFormList.asp...



# The Commonwealth of Massachusetts
# William Francis Galvin

Secretary of the Commonwealth, Corporations
Division
One Ashburton Place, 17th floor
Boston, MA 02108-1512
Telephone: (617) 727-9640

## Public Browse and Search - Filing Results

❓
Help with this form

**Entity Name:** SHAWMUT MORTGAGE COMPANY

| Request a Certified Copy Select All ☐ | Type of Filing | Year Filed | Filed Date | FilingNum | File(s) |
|---|---|---|---|---|---|
| ☐ | Annual Report | 1996 | 8/4/1998 | 020503185777 | Index Number = 98120750  (1 pages) |
| ☐ | Annual Report | 1997 | 8/4/1998 | 020503185781 | Index Number = 98120751  (1 pages) |
| ☐ | Annual Report | 1998 | 8/4/1998 | 020503185783 | Index Number = 98120752  (1 pages) |
| ☐ | Certificate of Withdrawal | | 7/31/1998 | 020503185139 | Index Number = 98625500  (3 pages) |
| ☐ | Annual Report | 1995 | 5/8/1996 | 020502677370 | Index Number = 96084942  (1 pages) |
| ☐ | Annual Report | 1994 | 2/6/1995 | 020502359449 | Index Number = 95010118  (1 pages) |
| ☐ | Annual Report | 1993 | 1/31/1994 | 020502109461 | Index Number = 94005232  (1 pages) |
| ☐ | Annual Report | 1992 | 1/22/1993 | 020501892032 | Index Number = 93005101  (1 pages) |
| ☐ | Amended Foreign Corporations Certificate | | 1/21/1993 | 020501890999 | Index Number = 93418306  (2 pages) |
| ☐ | Annual Report | 1991 | 2/12/1992 | 020501683686 | Index Number = 92013360  (1 pages) |
| ☐ | Annual Report | 1987 | 1/14/1992 | 020501683682 | Index Number = 92003360  (1 pages) |
| ☐ | Annual Report | 1989 | 1/14/1992 | 020501683683 | Index Number = 92003361  (1 pages) |
| ☐ | Annual Report | 1988 | 1/14/1992 | 020501683684 | Index Number = 92003362  (1 pages) |
| ☐ | Annual Report | 1990 | 1/14/1992 | 020501683685 | Index Number = 92003363  (1 pages) |

The Commonwealth of Massachusetts William Francis Galvin - Publi...     http://corp.sec.state.ma.us/corp/corpsearch/CorpSearchFormList.asp...

| | | | | |
|---|---|---|---|---|
| ☐ | Amended Foreign Corporations Certificate | | 2/1/1989 | 020501683681 | Index Number = 89293457  (1 pages) |
| ☐ | Certificate of Merger | | 9/1/1987 | 020501683680 | Index Number = 87041117  (0 pages) |
| ☐ | Foreign Corporation Certificate | | 8/25/1987 | 000061118850 | Index Number = 87237065  (6 pages) |

| | |
|---|---|
| Request | Annual Reports and No Fee changes have a retention period of ten years; therefore these documents are no longer available prior to December 31, 1999. |

© 2001 - 2010 Commonwealth of Massachusetts
All Rights Reserved

5/4/2010 1:04 PM

The Commonwealth of Massachusetts William Francis Galvin - Publi...    http://corp.sec.state.ma.us/corp/corpsearch/CorpSearchFormList.asp...



# The Commonwealth of Massachusetts
# William Francis Galvin

Secretary of the Commonwealth, Corporations
Division
One Ashburton Place, 17th floor
Boston, MA 02108-1512
Telephone: (617) 727-9640

## Public Browse and Search - Filing Results

Help with this form

**Entity Name:** <u>FLEET MORTGAGE CORP.</u>

| Request a Certified Copy<br>Select All ☐ | Type of Filing | Year Filed | Filed Date | FilingNum | File(s) |
|---|---|---|---|---|---|
| ☐ | Annual Report | 2005 | 9/19/2005 12:30:00 PM | 200523695530 | 200523695530_1.pdf, 1 pgs, 31474 bytes |
| ☐ | Certificate of Withdrawal | | 9/16/2005 10:34:00 AM | 200523883270 | 200523883270_1.pdf, 2 pgs, 37739 bytes |
| ☐ | Annual Report | 2002 | 9/16/2005 10:34:00 AM | 200523626840 | 200523626840_1.pdf, 1 pgs, 31497 bytes |
| ☐ | Annual Report | 2003 | 9/16/2005 10:34:00 AM | 200523627180 | 200523627180_1.pdf, 1 pgs, 32091 bytes |
| ☐ | Annual Report | 2004 | 9/16/2005 10:34:00 AM | 200523626930 | 200523626930_1.pdf, 1 pgs, 108886 bytes |
| ☐ | Annual Report | 2001 | 3/15/2002 | 200223878080 | 200223878080_1.pdf, 9 pgs, 363199 bytes |
| ☐ | Annual Report | 2000 | 6/30/2001 | 200206721730 | Index Number = 01103567  (2 pages) |
| ☐ | Annual Report | 1998 | 5/25/2000 | 020503637469 | Index Number = 00042912  (1 pages) |
| ☐ | Annual Report | 1998 | 6/7/1999 | 020503422688 | Index Number = 99069500  (1 pages) |
| ☐ | Annual Report | 1997 | 4/20/1998 | 020503074258 | Index Number = 98046481  (1 pages) |
| ☐ | Annual Report | 1996 | 3/8/1997 | 020502820961 | Index Number = 97028708  (1 pages) |
| ☐ | Amended Foreign Corporations Certificate | | 5/24/1996 | 020502694502 | Index Number = 96538368  (3 pages) |

The Commonwealth of Massachusetts William Francis Galvin - Publi...    http://corp.sec.state.ma.us/corp/corpsearch/CorpSearchFormList.asp...

| | | | | |
|---|---|---|---|---|
| ☐ | Annual Report | 1995 | 4/15/1996 | 020502633728 | Index Number = 96049999  (1 pages) |
| ☐ | Annual Report | 1994 | 4/26/1995 | 020502449707 | Index Number = 95075326  (1 pages) |
| ☐ | Annual Report | 1993 | 5/10/1994 | 020502209386 | Index Number = 94075538  (1 pages) |
| ☐ | Annual Report | 1992 | 1/27/1993 | 020501893619 | Index Number = 93006175  (1 pages) |
| ☐ | Annual Report | 1991 | 1/28/1992 | 020501797025 | Index Number = 92008275  (1 pages) |
| ☐ | Annual Report | 1990 | 6/19/1991 | 020501797024 | Index Number = 91070674  (1 pages) |
| ☐ | Annual Report | 1987 | 8/15/1990 | 020501797023 | Index Number = 90126248  (1 pages) |
| ☐ | Annual Report | 1989 | 7/13/1990 | 020501797022 | Index Number = 90109314  (1 pages) |
| ☐ | Annual Report | 1988 | 3/31/1989 | 020501797021 | Index Number = 89025910  (1 pages) |
| ☐ | Annual Report | 1986 | 5/7/1987 | 020501797020 | Index Number = 87040894  (1 pages) |
| ☐ | Foreign Corporation Certificate | | 8/27/1986 | 000570546906 | Index Number = 86239057  (6 pages) |
| ☐ | Annual Report | 2000 | | 020502633724 | Index Number = 00000000  (1 pages) |

| Request | Annual Reports and No Fee changes have a retention period of ten years; therefore these documents are no longer available prior to December 31, 1999. |
|---|---|

© 2001 - 2010 Commonwealth of Massachusetts
All Rights Reserved

5/4/2010 1:04 PM

The Commonwealth of Massachusetts William Francis Galvin - Publi...        http://corp.sec.state.ma.us/corp/corpsearch/CorpSearchEntityList.as...



# The Commonwealth of Massachusetts
# William Francis Galvin

Secretary of the Commonwealth, Corporations
Division
One Ashburton Place, 17th floor
Boston, MA 02108-1512
Telephone: (617) 727-9640

**Public Browse and Search - Entity Results**


Help with this form

## No Records Matched Your Begins With Search for Entity Name: washington mutual home

[ New Search ]

© 2001 - 2010 Commonwealth of Massachusetts
All Rights Reserved

The Commonwealth of Massachusetts William Francis Galvin - Publi...        http://corp.sec.state.ma.us/corp/corpsearch/CorpSearchEntityList.as...



# The Commonwealth of Massachusetts
# William Francis Galvin

Secretary of the Commonwealth, Corporations
Division
One Ashburton Place, 17th floor
Boston, MA 02108-1512
Telephone: (617) 727-9640

## Public Browse and Search - Entity Results

[?]
Help with this form

### No Records Matched Your Begins With Search for Entity Name: wmhli

New Search

© 2001 - 2010 Commonwealth of Massachusetts
All Rights Reserved

## CERTIFICATE OF SERVICE

I, Michael J. Tremblay, do hereby certify that I have served the foregoing OPPOSITION TO MOTION TO DISMISS upon the parties listed below via electronic service this date:

Christine Murphy on behalf of Defendant Wells Fargo Bank, NA
cmurphy@harmonlaw.com

o and to the parties listed in the attached list by first class mail.

Dated:  May 4, 2010

/S/ Michael J. Tremblay
MICHAEL J. TREMBLAY    bbo#502133
277 Main St.
Marlborough, MA 01752
Tel. (508) 485-4500

Service list by mail:

þ      None